(644 P.2d 1006)
No. 52,953

National Education Association-Topeka, a Kansas corporation, *Appellee*, v. Unified School District No. 501, Shawnee County, Kansas, *Appellant.*

Opinion filed May 12, 1982.

*Anne L. Baker* and *William G. Haynes* of Eidson, Lewis, Porter & Haynes, of Topeka, for the appellant.

*Wesley A. Weathers* of Ralston and Frieden, P.A., of Topeka, for the appellee.

Before Spencer, P.J., Rees and Meyer, JJ.

Spencer, J.: In this action, plaintiff National Education Association-Topeka, as the exclusive bargaining representative of the teachers employed by defendant Unified School District No. 501, sought and was granted by means of summary judgment confirmation of an arbitration award pursuant to provisions of K.S.A. 5-401 *et seq.* Defendant has appealed.

As a result of negotiations conducted during the 1978-1979 school year, plaintiff and defendant entered into an agreement covering terms and conditions of teacher employment. The agreement was subsequently ratified to cover the period of June 1, 1979, through June 1, 1981. Article VI of that agreement provides in part:

"A grievance dispute which was not resolved at the level of Superintendent of Schools under the grievance procedure may be submitted to an arbitrator for decision if it involves the application or interpretation of this agreement."

The article then provides for the selection of an arbitrator, the manner and time in which a decision is to be rendered, and:

"The decision of an arbitrator, if made in accordance with his jurisdiction and authority under this agreement, shall be accepted as final by the parties to the dispute and both will abide by it."

This matter involves a grievance initiated by one of the teachers

employed by defendant, the details of which are deemed unimportant at this stage. It will suffice to note plaintiff's contentions that the grievance was processed through the various procedural steps and submitted for arbitration, all as provided by the agreement. On April 15, 1980, the arbitrator issued a decision sustaining the grievance. Defendant refused to accept the arbitrator's award, asserting it was not in accordance with the jurisdiction and authority of the arbitrator. Some three and one-half months later, this action was commenced in which plaintiff sought confirmation of the arbitrator's award under the Uniform Arbitration Act, K.S.A. 5-401 *et seq.,* or in the alternative for specific performance of the contract between plaintiff and defendant.

The parties agree the contract involved was negotiated pursuant to the Professional Negotiations Act, K.S.A. 72-5413 *et seq.,* and that the binding arbitration clause in that contract is authorized by 72-5424(*a*), which provides:

"A board of education and a professional employees' organization who enter into an agreement covering terms and conditions of professional service may include in such agreement procedures for final and binding arbitration of such disputes as may arise involving the interpretation, application or violation of such agreement."

Of first concern is defendant's arguments that failure to abide by an arbitrator's award is a prohibited practice under the provisions of K.S.A. 72-5430(*b*)(7), and the administrative appeal procedures of 72-5430a provide a mandatory administrative remedy, which was a jurisdictional prerequisite to judicial review. K.S.A. 72-5430(*b*)(7) states that it shall be a prohibited practice for a board of education willfully to "refuse to participate in good faith in the  .  .  .  arbitration pursuant to an agreement entered into pursuant to K.S.A. 72-5424  .  .  .  ."

Although defendant's position is that it did not commit a prohibited practice because the award of the arbitrator exceeded the arbitrator's authority, it contends the language of 72-5430(*b*)(7), "refuse to participate in good faith," should be interpreted to include both failure to participate in the arbitration process and failure to abide by the resulting award. Therefore, its failure to accept and abide by the decision is "arguably" a prohibited practice which mandates first consideration under K.S.A. 72-5430a. Plaintiff on the other hand argues the statute pertains only to failure to participate in arbitration and that

failure to abide by the award is not a prohibited practice, and therefore K.S.A. 72-5430a and the exhaustion doctrine do not apply.

Words in common usage are to be given their natural and ordinary meaning in arriving at the proper construction of a statute. *Stephens v. Van Arsdale,* 227 Kan. 676, 684, 608 P.2d 972 (1980). When a statute is plain and unambiguous the court must give effect to the intention of the legislature as expressed, rather than determine what the law should or should not be. *Randall v. Seemann,* 228 Kan. 395, Syl. ¶ 1, 613 P.2d 1376 (1980). The meaning of a statute is gleaned from the words of the statute itself and only if that language is ambiguous does the court look to extrinsic evidence for aid in construction. *State v. Bagemehl,* 213 Kan. 210, Syl. ¶ 6, 515 P.2d 1104 (1973).

The statute is plain and unambiguous. The phrase "refuse to participate" contains words of common usage and could hardly be more basic. If applied to this case, we would be required to say defendant had refused to take part in arbitration. This is not so. Defendant did take part in arbitration but has so far refused to abide by it for the stated reason that the decision of the arbitrator was not in accordance with his jurisdiction and authority. It is the refusal to take part in arbitration which would constitute a prohibited practice under the statute. There is no way that refusal to abide by the decision could be a prohibited practice if in fact the decision was not made in accordance with the jurisdiction and authority of the arbitrator. We find the district court did have subject matter jurisdiction.

The next issue presented is whether the Uniform Arbitration Act may be applied to an arbitration clause in an employment contract between a school district and a teachers' bargaining unit pursuant to the Professional Negotiations Act.

K.S.A. 1981 Supp. 5-401 provides:

"A written agreement to submit any existing controversy to arbitration or a provision in a written contract, *other than a contract of insurance or a contract between an employer and employees or between their respective representatives,* to submit to arbitration any controversy, other than a claim in tort, thereafter arising between the parties is valid, enforceable and irrevocable, save upon such grounds as exist at law or in equity for the revocation of any contract." Emphasis added.

Plaintiff argues the exclusion in this statute, "other than a contract . . . between an employer and employees or between

their respective representatives," should be interpreted as applying only to private sector employment contracts and not to public sector contracts such as that in issue here. In making this argument, plaintiff relies primarily on *Wichita Public Schools Employees Union v. Smith,* 194 Kan. 2, Syl. ¶ 3, 397 P.2d 357 (1964), wherein it was stated:

"The statutes pertaining to employer and employee relations must be construed to apply only to private industry until such time as the legislature shows a definite intent to include political subdivisions."

Plaintiff suggests, and the trial court agreed, that, inasmuch as there has since been no definite legislative intent expressed to include public with private employers and employees, to exclude public employees from the Uniform Arbitration Act would severely limit the operative effect of K.S.A. 72-5424(*a*) and 75-4330(*b*), which authorizes public employers and employees to include provisions for final and binding arbitration. There is no justification for such a strained interpretation of the statute. In applying the rules of statutory construction, we find the language of 5-401 to be plain and unambiguous and to exclude all contracts between an employer and employees, or between their respective representatives, whether in the public or private sector. Nor do we believe that such construction of 5-401 repeals by implication 72-5424 or 75-4330(*b*), which permit binding arbitration clauses in public employment contracts. Such provisions, though not enforceable under the Uniform Arbitration Act, are enforceable in their own right.

Inasmuch as we find the trial court did have subject matter jurisdiction, but erred in rendering summary judgment under the Uniform Arbitration Act, the question as to whether interest was properly allowable need not be considered.

The judgment is reversed and this cause is remanded to the district court with directions to proceed with plaintiff's action for specific performance of contract.