12

(690 P.2d 399)

No. 56,874

HOLTON TRANSPORT, INC., *Appellant,* v. STATE CORPORATION COM-
MISSION OF THE STATE OF KANSAS and TRANS-OIL, LTD., *Appellees.*

Opinion filed
November 15, 1984.

D. S. Hults, of Lawrence, for the appellant.

John Jay Rosacker, assistant general counsel, of Topeka, for appellee State
Corporation Commission.

John L. Richeson, of Anderson, Byrd & Richeson, of Ottawa, for appellee
Trans-Oil, Ltd.

Before PARKS, P.J., BRISCOE, J., and JEROME HARMAN, Chief Judge
Retired, assigned.

HARMAN, C.J. Retired: In this proceeding for common carrier
authority, appellant Holton Transport, Inc. seeks relief from a
district court order remanding the matter to the Kansas Corpora-
tion Commission for a more specific and concise statement of its
findings. Holton asserts, instead, the court should have declared
the KCC's action unlawful and void.

The threshold question is whether the court's order of remand
for further findings of fact is an appealable order.

The general rule is that remand orders are not appealable in
the absence of exceptional circumstances. See 15 Wright, Miller
& Cooper, Federal Practice and Procedure: Civil § 3914 (1976).
Certainly this constitutes a more orderly procedure and one
designed to place less burden on all concerned parties and
tribunals.

The right to appeal is neither a vested nor a constitutional
right. It is strictly statutory in nature. *Skahan v. Powell,* 8 Kan.
App. 2d 204, 205, 653 P.2d 1192 (1982). *Skahan* does acknowl-
edge the federal "collateral order" doctrine, 8 Kan. App. 2d at
206, but that doctrine is not applicable here. As we view the
matter there is no final order here "which finally decides and
disposes of the entire merits of the controversy, and reserves no

further questions or directions for the future or further action of the court." *Gulf Ins. Co. v. Bovee*, 217 Kan. 586, 587, 538 P.2d 724 (1975).

Our holding is, absent exceptional circumstances, a district court order remanding a proceeding to the Kansas Corporation Commission for further findings is not a final decision appealable as of right under K.S.A. 60-2102(*a*)(4).

Appeal dismissed for want of jurisdiction.