10 Kan. App. 2d 12 (1984)
690 P.2d 399
HOLTON TRANSPORT, INC., Appellant,
v.
STATE CORPORATION COMMISSION OF THE STATE OF KANSAS and TRANS-OIL, LTD., Appellees.
No. 56,874
Court of Appeals of Kansas.
Opinion filed November 15, 1984.
D.S. Hults, of Lawrence, for the appellant.
John Jay Rosacker, assistant general counsel, of Topeka, for appellee State Corporation Commission.
John L. Richeson, of Anderson, Byrd & Richeson, of Ottawa, for appellee Trans-Oil, Ltd.
Before PARKS, P.J., BRISCOE, J., and JEROME HARMAN, Chief Judge Retired, assigned.
Petition for review denied 236 Kan. 875 (1985).
HARMAN, C.J. Retired:
In this proceeding for common carrier authority, appellant Holton Transport, Inc. seeks relief from a district court order remanding the matter to the Kansas Corporation Commission for a more specific and concise statement of its findings. Holton asserts, instead, the court should have declared the KCC's action unlawful and void.
The threshold question is whether the court's order of remand for further findings of fact is an appealable order.
The general rule is that remand orders are not appealable in the absence of exceptional circumstances. See 15 Wright, Miller & Cooper, Federal Practice and Procedure: Civil § 3914 (1976). Certainly this constitutes a more orderly procedure and one designed to place less burden on all concerned parties and tribunals.
The right to appeal is neither a vested nor a constitutional right. It is strictly statutory in nature. Skahan v. Powell, 8 Kan. App.2d 204, 205, 653 P.2d 1192 (1982). Skahan does acknowledge the federal "collateral order" doctrine, 8 Kan. App.2d at 206, but that doctrine is not applicable here. As we view the matter there is no final order here "which finally decides and disposes of the entire merits of the controversy, and reserves no *13 further questions or directions for the future or further action of the court." Gulf Ins. Co. v. Bovee, 217 Kan. 586, 587, 538 P.2d 724 (1975).
Our holding is, absent exceptional circumstances, a district court order remanding a proceedings to the Kansas Corporation Commission for further findings is not a final decision appealable as of right under K.S.A. 60-2102(a)(4).
Appeal dismissed for want of jurisdiction.