No. 74;677

NATIONAL EDUCATION ASSOCIATION-TOPEKA, a Kansas Corpo-
ration, DUANE POMEROY, KATHY FOX, MARI JOHN and NANCY
MESCHKE, *Appellees*, v. UNIFIED SCHOOL DISTRICT NO. 501,
Topeka, Kansas, *Appellant.*

(925 P.2d 835)

Opinion
filed October 25, 1996.

*Patricia E. Riley*, of Weathers & Riley, of Topeka, argued the cause and was
on the briefs for appellant.

*Richard D. Anderson*, of Anderson Law Offices, of Topeka, argued the cause
and was on the brief for appellees.

The opinion of the court was delivered by

ABBOTT, J.: The plaintiffs filed this action to force the defendant
to submit to arbitration under a collective bargaining agreement.
The Shawnee County District Court granted summary judgment
to the plaintiffs, finding that the agreement required the defendant
to submit to arbitration. The defendant appeals.

The individual plaintiffs in this case, Duane Pomeroy, Mari John,
Kathy Fox, and Nancy Meschke, are employed by Unified School
District 501 (U.S.D. 501). Duane Pomeroy is employed as an Adult
Homeless Literacy Program Instructor. Mari John is employed as
a Kan-Work Instructor. Kathy Fox and Nancy Meschke are em-
ployed as Adult Basic Education Instructors. All the individual
plaintiffs perform their duties during the regular professional day
and are required by the Kansas State Board of Education to meet
teacher certification requirements for employment. The National

Education Association-Topeka (NEA-Topeka) is a union which represents employees of U.S.D. 501.

During 1991 and 1992, U.S.D. 501 and NEA-Topeka entered into professional negotiations pursuant to K.S.A. 72-5413 *et seq.* The negotiations resulted in a Professional Agreement (Agreement) which covered the terms and conditions of professional employment in the district. Both the U.S.D. 501 Board of Education and the select professional employees who made up the bargaining unit ratified the Agreement. The Agreement was effective from August 1, 1992, through July 31, 1995. It has since been replaced by a new Agreement which, hopefully, makes it clear how the issue before us should be handled in the future.

NEA-Topeka instituted a grievance under the Agreement on behalf of the individual plaintiffs herein, alleging that the plaintiffs were not receiving the proper salary or benefits as set out in the Agreement. U.S.D. 501 refused to recognize or process the grievance. According to U.S.D. 501, the plaintiffs were "continuing education only" employees who were not members of the bargaining unit as defined in Article 3 of the Agreement and were not entitled to file a grievance under the Agreement. When U.S.D. 501 refused to process the grievance, the plaintiffs requested arbitration. U.S.D. 501 refused to arbitrate, again alleging that the plaintiffs were not parties to the negotiated Agreement and were not entitled to the Agreement remedy of arbitration.

The plaintiffs filed an action in the Shawnee County District Court, pursuant to K.S.A. 72-5424(b), asking the court to compel U.S.D. 501 to submit to arbitration. The plaintiffs contend that, according to the Agreement, questions involving the application or interpretation of the Agreement must be submitted for arbitration. Further, the plaintiffs point to the language in the Agreement which provides that questions of arbitrability shall be decided by the arbitrator before the arbitrator decides questions of substantive merit. Thus, the plaintiffs argue that the defendant must submit to arbitration so an arbitrator can interpret the Agreement and determine if the plaintiffs are a part of the bargaining unit and are in fact entitled to grievance or arbitration procedures. The plaintiffs

filed a motion for summary judgment in this action to compel the defendant to submit to arbitration.

The defendant filed a cross-motion for summary judgment. U.S.D. 501 argued that only a court can decide if the plaintiffs are actually parties to the arbitration agreement because an arbitrator lacks the power to determine his or her own jurisdiction. U.S.D. 501 asked the court to find, as a matter of law, that the plaintiffs are not a part of the bargaining unit and cannot compel U.S.D. 501 to submit to arbitration.

The Shawnee County District Court granted the plaintiffs' motion for summary judgment and denied the defendant's motion for summary judgment. According to the district court, the question before it was whether the plaintiffs were members of the bargaining unit so that the Agreement applied to the plaintiffs and could be enforced by them. The court found that it, not the arbitrator, should decide what matters the parties have agreed to submit to arbitration. The court ruled that under Article 10 of the Agreement, the parties had agreed to arbitrate all matters dealing with the "application or interpretation" of the Agreement. Since the question of whether the plaintiffs were a part of the bargaining unit was a question dealing with the "application or interpretation" of the Agreement, the court found that the parties had contractually agreed to allow an arbitrator to decide the issue. Thus, the court ordered the defendant to submit to arbitration.

The defendant timely appealed the ruling to the Court of Appeals. The case was transferred to the Supreme Court pursuant to K.S.A. 20-3018(c).

It is this court's duty to raise the issue of jurisdiction on its own motion. *In re K-Mart Corp.*, 232 Kan. 387, 389, 654 P.2d 470 (1982). K.S.A. 72-5424(b), as a part of the Teachers' Contracts Act, allows a party to file a motion with the district court asking the court to compel the opposing party to submit to arbitration. However, this statute does not mention anything about the right to appeal from the grant or denial of such motion. Under K.S.A. 60-2102(a)(4), a party has the right to appeal a final decision in any action. The question here is whether the trial court's grant of the plaintiffs' motion for summary judgment, or its denial of the de-

fendant's motion for summary judgment, or its order compelling the defendant to submit to arbitration equates to a final, appealable order.

The Kansas Uniform Arbitration Act, K.S.A. 5-401 *et seq.*, does not apply to employer/employee arbitration agreements. *NEA-Topeka v. U.S.D. No. 501*, 7 Kan. App. 2d 529, 532, 644 P.2d 1006 (1982). This case involves an employer/employee arbitration agreement; thus, the Kansas Uniform Arbitration Act does not apply to this case. However, several cases under the Kansas Uniform Arbitration Act, which addresses what type of orders are appealable, are analogous to this case and may be used as persuasive authority. The statute which governs appeals under the Kansas Uniform Arbitration Act is K.S.A. 5-418. It provides:

"(a) An appeal may be taken from: (1) An order denying an application to compel arbitration made under K.S.A. 5-402;

(2) An order granting an application to stay arbitration made under subsection (b) of K.S.A. 5-402;

(3) An order confirming or denying confirmation of an award;

(4) An order modifying or correcting an award;

(5) An order vacating an award without directing a rehearing; or

(6) A judgment or decree entered pursuant to the provisions of this act.

"(b) The appeal shall be taken in the manner and to the same extent as from orders or judgments in a civil action.".

Under this statute, a few cases have discussed whether an arbitration order is appealable. In *Kansas Gas & Electric Co. v. Kansas Power & Light Co.*, 12 Kan. App. 2d 546, 551, 751 P.2d 146, *rev. denied* 243 Kan. 779 (1988), the court found that the trial court's order denying a motion to compel arbitration was an appealable final order. In so holding, the Court of Appeals commented as follows:

"K.S.A. 5-418 was adopted without change from the Uniform Arbitration Act approved by the National Conference of Commissioners on Uniform State Laws in 1955. The drafters of the uniform act considered certain orders sufficiently final to merit appeal. According to the Prefatory Note to the uniform act, 'The section on Appeals is intended to remove doubts as to what orders are appealable and to limit appeals prior to judgment to those instances *where the element of finality is present.*' Unif. Arbitration Act, 7 U.L.A. 2 (1985). (Emphasis added.) The chairman of the committee that drafted the uniform act explained the rationale for making certain orders, but not others, appealable:

" 'Appeals likewise are commonly neglected in arbitration statutes. *Under the new act, the appealable orders are specifically designated and are confined to those final in nature, such as orders denying motions to compel arbitration or granting motions to stay arbitration.* Orders directing, or refusing to stay, arbitration are not appealable but the point at issue can be raised on appeal from an order confirming the award should one be rendered. Appeals are permitted also from the judgment or decree rendered on an award.' Pirsig, *The New Uniform Arbitration Act*, 11 Bus. Law, April 1956, at 44, 51. (Emphasis added.)" 12 Kan. App. 2d at 550.

Thus, it appears the Uniform Arbitration Act follows the Kansas general rule of not permitting piecemeal appeals by requiring a final judgment.

In *Hodes v. Comprehensive Health Associates*, 9 Kan. App. 2d 36, 670 P.2d 76 (1983), the trial court refused to grant a motion to stay arbitration. The Court of Appeals found that this was not a final appealable order under K.S.A. 5-418. It ruled that the parties must submit to arbitration.

The Court of Appeals quoted a California case with approval as follows:

" '[T]he fact that the legislature saw fit to specify in one code section the different orders and judgment from which appeals may be taken clearly indicates, in our opinion, an intention to restrict the appeals in such proceeding to the orders and judgment therein specified; and the obvious reason for not including among such appealable orders the one which directs the parties to proceed with the arbitration was that if at the very threshold of the proceeding the defaulting party could appeal and thereby indefinitely delay the matter of arbitration, the object of the law and the purpose of the written agreement of the parties would be entirely defeated.' " 9 Kan. App. 2d at 38 (quoting *Jardine-Matheson Co., Ltd., v. Pacific O. Co.*, 100 Cal. App. 572, 575-76, 280 Pac. 697 [1929]).

The Court of Appeals further held:

"The trial court decision denying plaintiff's stay application and ordering the parties to proceed with arbitration is interlocutory. No immediate appeal is available. Except as it may be affected by other developments, the purported error of the trial court will be reviewable after the entry of a final decision and judgment." 9 Kan. App. 2d at 38.

From a synthesis of these cases under K.S.A. 5-418, we conclude the following: If the trial court denies a motion to arbitrate, then no other action can be taken by either party. Thus, this is a final

order and appealable. However, if the trial court grants a motion to compel arbitration, then the parties must submit to arbitration and then challenge the arbitrator's decision before there is a final order which is appealable to an appellate court.

This is consistent with several other rules regarding final, appealable orders. For instance, an order granting a new trial, which is similar to an order compelling arbitration, is generally not a final or appealable order. *Oertel v. Phillips*, 197 Kan. 113, 415 P.2d 223 (1966). A trial court order remanding an administrative proceeding to the administrative agency for additional findings of fact, which is similar to an order compelling arbitration, is not a final or appealable order. *Holton Transport, Inc. v. Kansas Corporation Comm'n*, 10 Kan. App. 2d 12, 690 P.2d 399 (1984), *rev. denied* 236 Kan. 875 (1985).

Further, the denial of a party's summary judgment motion is not usually a final or appealable decision. *In re Estate of Ziebell*, 2 Kan. App. 2d 99, 100-01, 575 P.2d 574 (1978) ("[A]n order must have 'some semblance of finality' to be appealable.") If a party's summary judgment motion is denied, the party must first proceed to trial before an appeal can be taken. Typically, a party can only appeal from a summary judgment if the trial court has granted the opposing party's summary judgment motion. See *Kauk v. First Nat'l Bank of Hoxie*, 5 Kan. App. 2d 83, Syl. ¶ 3, 613 P.2d 670 (1980). In the case at hand, the trial court did grant NEA-Topeka's (the opposing party) summary judgment motion at the same time it denied U.S.D. 501's motion for summary judgment. However, this grant of NEA-Topeka's motion for summary judgment resulted in an order compelling arbitration. Thus, there is more for the parties to resolve before this becomes a final and appealable order. *Cf. Southwest Nat'l Bank v. Simpson & Son, Inc.*, 14 Kan. App. 2d 763, 768, 799 P.2d 512 (1990), *rev. denied* 248 Kan. 997 (1991). The general rule is that to be final, an order must finally decide and dispose of the entire merits of the controversy, reserving no further questions or directions for the future or further action of the court. *Gulf Ins. Co. v. Bovee*, 217 Kan. 586, 587, 538 P.2d 724 (1975). There are exceptions to this general rule, but none of them are applicable here.

We hold there is no right to an immediate appeal from an order to submit to arbitration.

The appeal is dismissed for lack of jurisdiction.