No. 94,334

DAVID ANDERSON, *Plaintiff-Appellee,* v. DILLARD'S, INC., *Defendant-Appellant,* and RODNEY A. COLE, *Defendant.*

(153 P.3d 550)

Review of the judgment of the Court of Appeals in an unpublished opinion filed June 2, 2006. Opinion filed March 16, 2007.

*Jeremiah J. Morgan,* of Bryan, Cave, LLP, of Kansas City, Missouri, argued the cause, and *Lynn S. McCreary,* of the same firm, was on the brief for the appellant.

*Sarah A. Brown,* of Randles, Mata & Brown, LLC, of Kansas City, Missouri, argued the cause and was on the brief for the appellee.

The opinion of the court was delivered by

ROSEN, J.: This case involves the interpretation of an arbitration agreement between David Anderson and his former employer, Dillard's, Inc. (Dillard's). The Court of Appeals reversed the district court's memorandum decision, which denied Dillard's motion to compel arbitration. Anderson now seeks a review of the Court of Appeals' decision, asserting that the Court of Appeals did not have jurisdiction over Dillard's appeal and that the Court of Appeals

improperly concluded Anderson's tort claims arose out of his employment with Dillard's.

In 2003, when the events leading to Anderson's tort claims occurred, Anderson was employed as a full-time fire medic for the City of Lenexa, where he had worked for 23 years. Anderson also worked part-time for the Spring Hill Police Department, where he had been employed for 23 years as a reserve police officer. Anderson further supplemented his income by working as a part-time security officer for Dillard's at Oak Park Mall in Overland Park. Anderson had been employed with Dillard's for approximately 6 years.

In 2001, Dillard's initiated a policy requiring its employees to resolve disputes related to their employment through arbitration. Dillard's required Anderson to submit to an arbitration agreement as a condition of his employment. Anderson signed an ACKNOWLEDGMENT OF RECEIPT OF RULES FOR ARBITRATION, which provided:

*"The arbitration process offers a quick and fair way to resolve disagreements related to employment. This Agreement contains the rules and procedures Dillard's and associates covered under the Agreement must follow to resolve any covered claims through arbitration. This Agreement does not waive anyone's substantive legal rights, nor does this Agreement create or destroy any rights. It merely changes the forum where the dispute is resolved and the procedures to be followed. Arbitration does not prevent an associate from filing a charge with an administrative agency like the Equal Employment Opportunity Commission.*

"Effective immediately, all employees (as hereinafter defined) of Dillard's, Inc., its affiliates, subsidiaries and Limited Liability Partnerships (the 'Company') shall be subject to the rules of arbitration (the 'Rules') described below. Employees are deemed to have agreed to the provisions of the Rules by virtue of accepting employment with the Company and/or continuing employment therewith."

Dillard's permitted Anderson to select merchandise for purchase while he was working in the store. Dillard's expected Anderson to carry the items he wanted in a shopping bag and pay for them at the end of his shift. While Anderson was working on August 1, 2003, he selected merchandise to purchase valued at $111. Anderson claims that he intended to pay for the merchandise at the end of his shift but was distracted by a family emergency and inadvertently left the store with the shopping bag without paying for

the merchandise. Overland Park police officers detained Anderson at his car for shoplifting. Anderson returned the merchandise to the store, and Dillard's terminated Anderson's employment.

On August 4, 2003, Anderson notified his superiors at the Lenexa Fire Department and the Spring Hill Police Department regarding the alleged shoplifting incident. According to Anderson, on August 5, 2003, Rod Cole, Dillard's Loss Control Prevention Coordinator and a Kansas Highway Patrol (KHP) trooper, contacted Anderson's superior at the Spring Hill Police Department. Cole identified himself as a KHP trooper and the Loss Prevention Coordinator for Dillard's and reported that Anderson had been arrested for shoplifting at Dillard's. The following day, Cole made a similar phone call to Anderson's superior at the Lenexa Fire Department. After Cole's telephone calls, Anderson was terminated from his full-time employment with the Lenexa Fire Department and indefinitely suspended from his part-time employment with the Spring Hill Police Department.

Anderson filed a lawsuit against Cole, Dillard's, and the Kansas Highway Patrol, alleging that Cole's telephone calls had caused the termination of his employment with the Lenexa Fire Department and the suspension of his employment with the Spring Hill Police Department. Anderson's lawsuit asserted claims for defamation, invasion of privacy, and tortious interference with contractual relations.

In response to Anderson's petition, Dillard's filed a motion to compel arbitration pursuant to the arbitration agreement that Anderson had signed in 2001. The district court denied Dillard's motion, and Dillard's appealed to the Court of Appeals. The Court of Appeals reversed the district court's decision. *Anderson v. Dillard's Inc.*, No. 94,334, unpublished opinion filed June 2, 2006. We granted Anderson's petition for review.

Analysis

Anderson first asserts that the Court of Appeals did not have jurisdiction to review the district court's denial of Dillard's motion to compel arbitration. Anderson relies on K.S.A. 5-401(c)(3), which

precludes an arbitration contract from requiring arbitration for any future tort claims.

The question of appellate jurisdiction is a question of law subject to de novo review. *Foster v. Kansas Dept. of Revenue*, 281 Kan. 368, 369, 130 P.3d 560 (2006). The Court of Appeals concluded that it had jurisdiction over Dillard's appeal pursuant to *NEA-Topeka v. U.S.D. No. 501*, 260 Kan. 838, 842-43, 925 P.2d 835 (1996), which held that the denial of a motion to arbitrate is a final and appealable order. *Anderson*, slip op. at 5.

Anderson's argument presumes that Dillard's motion to compel arbitration was invalid because the arbitration contract could not apply to future tort claims. However, Anderson cites no authority for the proposition that a party to the litigation has the power to unilaterally determine the validity of an arbitration agreement. On the contrary, when an arbitration agreement is challenged, the district court has the authority to decide whether the agreement to arbitrate exists and whether the agreement includes the issue in dispute. *MBNA America Bank v. Credit*, 281 Kan. 655, 658, 132 P.3d 898 (2006). Thus, Dillard's properly raised the application of the arbitration agreement before the district court by filing its motion to compel arbitration. Once the issue was raised and decided by the district court, the district court's decision became a final and appealable order. See *NEA-Topeka*, 260 Kan. at 841. Anderson fails to address or distinguish the application of *NEA-Topeka*, and we find no merit in his argument. The Court of Appeals properly exercised jurisdiction over Dillard's appeal, and the matter is properly before us on Anderson's petition for review.

Next, Anderson argues that the Court of Appeals reached the wrong result when it summarily concluded that "Anderson's claims arose out of his employment at Dillard's and were therefore subject to the arbitration agreement." *Anderson*, slip op. at 7. Anderson argues that the acts giving rise to his claims occurred after the arbitration contract had been terminated by his dismissal. Because there was no clause extending the arbitration agreement to disputes arising after the termination of employment, Anderson argues that the district court properly denied Dillard's motion to compel arbitration.

An arbitrator's power to resolve a dispute originates from an agreement to arbitrate between the parties. Without such an agreement to establish the parties' consent, the arbitrator has no jurisdiction. *MBNA America Bank*, 281 Kan. at 659. When deciding whether to compel arbitration, a court must first consider whether there is an agreement to arbitrate between the parties. If there is such an agreement, the court must then determine whether the arbitration agreement includes the specific point at issue. *City of Wamego v. L.R. Foy Constr. Co.*, 9 Kan. App. 2d 168, 171, 675 P.2d 912, *rev. denied* 234 Kan. 1076 (1984). An appellate court reviews an alleged arbitration agreement like any other contract, applying a de novo standard of review. See *Skewes v. Shearson Lehman Bros.*, 250 Kan. 574, 582, 829 P.2d 874 (1992).

The primary rule for interpreting written contracts is to ascertain the parties' intent. If the terms of the contract are clear, the intent of the parties is to be determined from the language of the contract without applying rules of construction. *Liggatt v. Employers Mut. Casualty Co.*, 273 Kan. 915, 921, 46 P.3d 1120 (2002).

According to the "DEFINITIONS" section of the Rules of Arbitration, the parties to this arbitration agreement include:

" 'Dillard's' or the 'Company' means Dillard's, Inc. and all present and past subsidiaries, Limited Liability Partnerships and affiliated companies, its Retirement, Pension and Benefit committees and its officers, directors, fellow associates, managers, supervisors and all agents in their personal or official capacities.

" 'You' or the 'associate' means the associate of Dillard's, Inc. who is covered by this Agreement and has a dispute *resulting from* termination of employment." (Emphasis added.)

According to the plain language of the arbitration agreement, Anderson is a party to the arbitration agreement if two conditions are met. First, Anderson must be a Dillard's associate who is covered by the agreement; second, Anderson must have a dispute "resulting from termination of employment." Anderson argues that the first condition was not met because he was not an "associate . . . who is covered by this Agreement" when Cole called the Lenexa Fire Department and the Spring Hill Police Department several days after Anderson's termination from Dillard's. However, we decline to address Anderson's argument because we believe the

issue is resolved more directly by analyzing the second condition — whether Anderson "has a dispute resulting from termination of [his] employment."

According to the ACKNOWLEDGMENT OF RECEIPT OF RULES FOR ARBITRATION, employment with Dillard's is conditioned upon an employee's assent to Dillard's arbitration agreement. As a result, we interpret the phrase "termination of [his] employment" to apply only to the termination of employment with Dillard's. The key to determining whether Anderson is a party to the arbitration agreement is whether Anderson's dispute *results from* the termination of his employment with Dillard's. The language "results from" requires a cause and effect analysis.

Anderson does not claim that he was wrongfully terminated by Dillard's. Rather, Anderson claims that he was terminated from his employment with the Lenexa Fire Department and suspended from his employment with the Spring Hill Police Department because Cole contacted them on behalf of Dillard's and informed them that Anderson had been arrested for shoplifting. Dillard's did not have a duty to inform Anderson's other employers that Anderson had been terminated from his employment with Dillard's, so Anderson's termination from Dillard's did not require Cole or any other Dillard's employee to contact the Lenexa Fire Department or the Spring Hill Police Department. Thus, Anderson's termination from Dillard's did not cause the actions that Anderson alleges as the basis for his claims.

Because Anderson's claims do not rely on Cole's conduct at the time of the alleged shoplifting incident or the termination of Anderson's employment with Dillard's, we must conclude that Anderson's claims did not *result from* the termination of his employment with Dillard's as required by the arbitration agreement. Contrary to Dillard's argument that the agreement should be broadly construed, the language of the Definitions section of Dillard's Rules of Arbitration is clear and unambiguous in narrowly defining the parties subject to arbitration based on the scope of the dispute. The Court of Appeals' decision improperly interpreted the terms of the arbitration agreement to include claims *arising out of* employment with Dillard's rather than those *resulting from*

the termination of employment with Dillard's. Consequently, we reverse the Court of Appeals' decision, affirm the district court's decision denying Dillard's motion to compel arbitration, and remand the matter to the district court for further proceedings.

JOHNSON, J., not participating.

BRAZIL, S.J., assigned. ∎