173 P.3d 1176 (2008)
Leslie A. NICKELS, Appellee,
v.
BOARD OF EDUCATION OF UNIFIED SCHOOL DISTRICT 453, Appellant.
No. 97,598.
Court of Appeals of Kansas.
January 11, 2008.
*1177 Robert J. Hingula and Richard R. Fritz, of Polsinelli, Shalton, Flanigan, Suelthaus, P.C., of Kansas City, for appellant.
Elinor K. Newman and Robert D. Beall, of Robert D. Beall, L.L.C., of Leavenworth, for appellee.
Before BUSER, P.J., GREEN and CAPLINGER, JJ.
CAPLINGER, J.
The Board of Education of Unified School District 453 (Board) appeals the district court's decision remanding this case to the Board for a due process hearing pursuant to K.S.A. 72-5446. We hold that because the due process hearing has not yet been conducted, the district court's order is not a final, appealable order and the appeal must be dismissed as interlocutory.

Factual and procedural background
Leslie A. Nickels had been a teacher for Unified School District 453 for 3 years when she was notified by the Board on May 1, 2006, that her contract would not be renewed for the following school year. Nickels filed a notice of hearing with the Board pursuant to K.S.A. 72-5446. In the notice, she alleged her constitutional right to employment was abridged by the nonrenewal of her teaching contract. Further, she asserted her contract was not renewed because of her age.
In a letter dated May 12, 2006, the Board denied Nickels' request for hearing, stating that the hearing procedures provided by K.S.A. 72-5446 were not applicable to the circumstances alleged in Nickels' notice. The Board noted that the statute requires that Nickels provide notice that her contract had "been nonrenewed by reason of her having exercised a Constitutional right," but Nickels claimed only that her constitutional right to employment had been abridged. The Board further asserted that it was not aware of a constitutional right to employment, and Nickels' notice alleged only violations of federal and state statutes.
Nickels appealed to the district court, claiming, "The only issue to be determined is [Nickels'] right to a due process hearing pursuant to K.S.A. 72-5446 as a result of the abridgment of her constitutional right to not be discriminated against in her employment on the basis of her age." The district court determined Nickels' allegations fall within the statute, and therefore she was entitled to a due process hearing as provided by K.S.A. 72-5446. The Board appeals, asking this court to conclude the district court erred in finding Nickels is entitled to a hearing.
Discussion
Prior to the filing of appeal briefs, the motions panel of this court issued an order to the parties to show cause why this appeal should not be dismissed as interlocutory. Both parties filed written responses and subsequently filed briefs addressing the merits issues. The court retained the appeal, and the parties addressed both the jurisdictional and merits issues at oral argument.

Is the district court's order a final, appealable order?
The district court did not specifically remand this matter to the Board, but did specifically order further action by the Board, i.e., a due process hearing pursuant to K.S.A. 72-5446. K.S.A. 77-623 provides "petitions for judicial review of agency action are reviewable by the appellate court as in other civil cases." Pursuant to K.S.A. 60-2102(a)(4), a party has the right to appeal a "final decision" in any action. The jurisdictional question before this court, then, is whether the district court's decision ordering a due process hearing is a final, appealable decision. If not, the appeal is interlocutory and must be dismissed.
*1178 In her response to the show cause order, Nickels argues this court lacks jurisdiction because the Board has not yet held a due process hearing as ordered by the district court. Nickels relies upon Holton Transport, Inc. v. Kansas Corporation Comm'n, 10 Kan.App.2d 12, 13, 690 P.2d 399 (1984), rev. denied 236 Kan. 875 (1985), where this court held that the district court's order remanding an administrative proceeding to the agency for additional findings of fact was not a final, appealable order.
In attempting to distinguish Holton Transport, the Board points out that the district court in that case had remanded to the agency for a more specific and concise statement of its findings. Holton Transport, 10 Kan. App.2d at 12, 690 P.2d 399. The Board suggests that because no findings have been made and no hearing held in this case, the appeal must be retained.
Our Supreme Court rejected jurisdiction in an analogous factual situation in NEA-Topeka v. U.S.D. No. 501, 260 Kan. 838, 925 P.2d 835 (1996). There, after the school district refused to process a grievance or arbitrate a teacher dispute because it contended the teachers were not members of the bargaining unit, the teachers' union sought arbitration under the contract. When the school district refused to submit to arbitration, the union sought and obtained an order from the district court compelling arbitration of the teachers' contracts. The school district appealed, and the court, on its own motion, raised a jurisdictional issue questioning whether the order to submit to arbitration constituted a final, appealable order.
The court in NEA-Topeka concluded that if the trial court had denied the motion to arbitrate, no other action could have been taken by either party and the order would have been final and appealable. However, because the trial court ordered arbitration, "the parties must submit to arbitration and then challenge the arbitrator's decision before there is a final order which is appealable to an appellate court." NEA-Topeka, 260 Kan. at 843, 925 P.2d 835.
Significantly, the court in NEA-Topeka cited Holton Transport approvingly in noting:
"This is consistent with several other rules regarding final, appealable orders. For instance, an order granting a new trial, which is similar to an order compelling arbitration, is generally not a final or appealable order. Oertel v. Phillips, 197 Kan. 113, 415 P.2d 223 (1966). A trial court order remanding an administrative proceeding to an administrative agency for additional findings of fact, which is similar to an order compelling arbitration, is not a final or appealable order. Holton Transport, Inc. v. Kansas Corporation Comm'n, 10 Kan.App.2d 12, 690 P.2d 399 (1984), rev. denied 236 Kan. 875 (1985)." 260 Kan. at 843, 925 P.2d 835.
This case is even closer factually to NEA-Topeka than Holton Transport. In NEA-Topeka, the Board refused to submit to arbitration; thus, no factual findings or determination had been made when the teachers' union sought an order compelling arbitration from the district court. Here, the Board refused to conduct a due process hearing, and no factual findings had been made when the plaintiff sought an order from the district court compelling a due process hearing. Finally, in NEA-Topeka, the district court ordered arbitration, while the district court in this case ordered a due process hearing.
We conclude that because the due process hearing ordered by the district court has not yet been conducted, the Board's appeal to this court is not a final, appealable order and the appeal must be dismissed as interlocutory.
Dismissed.