BRISCOE, Circuit Judge,
dissenting:
I respectfully dissent. In my view, the choice of venue clause contained in the parties’ Definitive Purchase Agreement (DPA) clearly requires the Jones’ breach-of-contract claim to be “tried and litigated” in “Barber County, Kansas.” Therefore, I would reverse the judgment of the district court and remand the case with directions to grant the Jones’ motion to remand the proceedings to the Kansas state court in which they were originally filed.
I.
Central to this appeal is the proper interpretation of the choice of venue clause set forth in Section 4 of the Second Addendum to the Purchase Agreement and Joint Escrow Instructions. That clause states:
4. Jurisdiction and Venue for Dispute Resolution. Notwithstanding anything to the contrary set forth in the revised Draft Purchase Agreement or the Escrow Agreement (including any hand marked or initialed deletions or additions to the Escrow Agreement), (a) any dispute arising out of or relating to Buyer’s Deposit or Earnest Money Deposit, or the release, failure to release, refund, return or collection of the same to or by Buyer, shall be tried and litigated exclusively in the State and Federal Courts located in San Diego County, California, and the parties hereby irrevocably consent to the sole and exclusive jurisdiction thereof solely for such purpose, and (b) any dispute arising out of or relating to the purchase and sale of the Property shall be tried and litigated exclusively in the State and Federal Courts located in Barber County, Kansas, and the parties hereby irrevocably consent to the sole and exclusive jurisdiction thereof solely for such purpose.
Aplee.App. at 28.
There is no dispute that this choice of venue clause was intended to encompass any and all disputes arising between the parties. Thus, the Jones’ breach-of-contract claim necessarily has to fall within the scope of either subsection (a) or (b) of the choice of venue clause. In other words, as the majority notes, “[t]he essential question is whether the Jones’ breach-of-contract claim is best characterized as ‘arising out of or relating to’ the proper disposition of the Deposit or the sale of the property.” O&J at 8.
The majority resolves this question in a roundabout fashion. First, the majority concludes, citing various provisions of the DPA and the Escrow Deposit Agreement, “that the parties intended to limit the scope of disputes arising out of KP&H’s presale termination.” O&J at 11. More specifically, the majority asserts that “[s]o long as KP&H terminated the contract prior to sale, the only matter to be resolved between the parties was the proper transfer of the Deposit.” O&J at 11. In turn, the majority concludes that because “the dispute at issue here ... arose out of a presale termination by KP&H,” “Section *473 4(a) governs” and “venue is [thus] proper in San Diego County.” Id.
The key flaw in this analysis lies in the assumption that, in the event of a so-called “presale termination” by KP&H, “the only matter to be resolved between the parties was the proper transfer of the Deposit.” To be sure, the provisions of the DPA cited by the majority make clear that the parties intended (a) for the Deposit to be returned to KP&H “immediately and without dispute” in the event that it properly terminated, and (b) for the Deposit to serve as a measure of liquidated damages in the event that KP&H improperly terminated. Importantly, however, in order to decide how the Deposit should be disposed of in the event of a termination by KP&H, it must necessarily be determined whether such termination was “proper” or “improper,” i.e., whether it was consistent with, or in violation of, the terms of the DPA. Indeed, that very question lies at the heart of this case — the Jones assert that KP&H terminated in violation of the DPA, while KP&H asserts that its termination was consistent with the terms of the DPA — and will have to be determined at some point, by some court. Thus, it is simply not true that “the only matter to be resolved between the parties” in the event of a presale termination by KP&H is “the proper transfer of the Deposit.”
Returning to the plain language of the choice of venue clause, it is obvious that the Jones’ breach-of-contract claim fits much more readily within the scope of subsection (b) than subsection (a). The Jones’ breach-of-contract claim clearly does not “arise out of’ the Deposit, and only tangentially, at best, “relates to” the Deposit (in the sense that the Deposit will serve as liquidated damages in the event that the Jones prevail, or will be remain with KP&H in the event that defendants prevail). Without question, however, the breach-of-contract claim “arises out of” or “relates to” the “purchase and sale of’ the Jones’ property. It is undisputed that the parties entered into a written agreement regarding the purchase and sale of the Jones’ property. Had KP&H completed the purchase process, rather than terminating the agreement, the Jones would have suffered no loss and would have had no claim. Thus, them breach-of-contract claim clearly “arises out of’ the purchase and sale of the property. Cf. Georgacara-kos v. United States, 420 F.3d 1185, 1186-87 (10th Cir.2005) (construing similar “arising out of’ language in federal statute); Foos v. Terminex, 31 Kan.App.2d 522, 67 P.3d 173, 176 (2003) (construing similar “arising out of” language in Kansas Workers Compensation Act). For the same reasons, the Jones’ breach-of-contract claim obviously “relates to” the purchase and sale of the property. Consequently, the breach-of-contract claim squarely falls within the scope of, and must be governed by, subsection (b) of the choice of venue clause.
Although defendants argue that subsection (b) of the choice of venue clause applies only in the event of a completed purchase/sale, they are mistaken. The terms “purchase” and “sale” are employed as nouns in subsection (b) and, given them plain and ordinary meaning, encompass the entire act of purchasing/selling. See Anderson v. Dillard’s Inc., 283 Kan. 432, 153 P.3d 550, 554 (2007); Schartz v. Kansas Health Ins. Ass’n, 275 Kan. 515, 66 P.3d 866, 869 (2003). More specifically, the term “purchase,” when used as a noun, refers to “[t]he action or an act of purchasing something.” Oxford English Dictionary (Draft Revision Mar. 2008). Similarly, the term “sale,” when used as a noun, refers to “[t]he action or an act of selling or making over to another for a price.... ” Oxford English Dictionary (2d ed.1989). Rather than focusing on a completed transaction, both terms encompass all of *474 the actions inherent in or necessary to purchasing or selling something. Thus, subsection (b) of the choice of venue clause does not, as suggested by defendants, apply only in the event of a completed purchase/sale.[1]
Consistent with the notion that subsection (b) of the choice of venue clause was intended to encompass a broad range of disputes “arising out of’ or “relating to” the purchase/sale of the property, it is readily apparent that subsection (a) was intended to more narrowly encompass claims directly relating to the Earnest Money Deposit. Not only does the plain and unambiguous language of subsection (a) lead to this conclusion, a review of the Escrow Deposit Agreement confirms this construction. Paragraph 10 of the Escrow Deposit Agreement provides that “[a]ny dispute arising out of or relating to this Agreement [i.e., the Escrow Deposit Agreement] ... shall be tried and litigated exclusively in the State and Federal Courts located in San Diego County, Cali-fornia____” Id. at 33. This language, which was obviously intended to be consistent with the DPA’s choice of venue clause, confirms that only disputes relating directly to the Earnest Money Deposit were to be brought in San Diego County.
In sum, because the Jones’ breach of contract claim clearly falls within the scope of subsection (b) rather than subsection (a) of the choice of venue clause, the district court should have denied defendants’ Rule 12(b)(3) motion to dismiss and granted plaintiffs’ motion to remand the case to Barber County, Kansas, where it was originally filed.

. Defendants' proposed interpretation of the choice of venue clause would place nearly every contractual dispute within the scope of subsection (a), and would therefore render subsection (b), despite its plain language, all but meaningless.