NOT DESIGNATED FOR PUBLICATION

No. 118,443

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

BRYAN FRANCOIS and JANINE FRANCOIS,
*Appellants*,

v.

DAVID WELLS and the HOMER L. WELLS TRUST #1, et al.,
*Appellees*.

MEMORANDUM OPINION

Appeal from Saline District Court; EDWARD E. BOUKER, judge. Opinion filed September 14, 2018. Affirmed in part and dismissed in part.

*Larry G. Michel*, of Kennedy Berkley Yarnevich & Williamson, Chartered, of Salina, for appellants.

*Caleb Boone*, of Hays, for appellee.

Before MALONE, P.J., MCANANY and POWELL, JJ.

PER CURIAM: The parties to this appeal are neighbors involved in a dispute over the ownership of a strip of land between them. The strip contains a gravel driveway and a small section of grass next to the driveway. Bryan and Janine Francois own the property next to this strip of land. They have a garage and a wooden privacy fence, built in the early 1980s, which encroach on a portion of the contested strip. David Wells is the record owner of the property next door, which includes the contested strip of land. The Francoises assert that they either have obtained outright ownership of the strip through adverse possession or at least a prescriptive easement over the strip of land.

1

Daniel Flemming previously owned the property which is now owned by the Francoises. He purchased it in 1995 and sold it to the Francoises in 2001.

Wells purchased his property, including the contested strip, in 1981. He occupied it himself for the first four or five years and then leased it to various tenants. Gary Wearing has been his most recent tenant since 1997.

In February 2014 Wells confronted the Francoises for the first time about their encroachment onto the strip of land which he owned. He demanded that they remove their personal items from the strip. A survey by Kaw Valley Engineering in March 2015 confirmed that the Francoises' attached garage and their wood fence encroached on Wells' property.

In response to Wells' demands, the Francoises, who believed that they owned the disputed strip or, at least, had acquired a prescriptive easement over it, filed this action to quiet title by adverse possession. They asked the court to declare that they own the entire strip because they and their immediate predecessor-in-title maintained open, notorious, exclusive, and continuous possession of it for more than 15 years. They alleged that they paid taxes on the property for that period of time and that they treated the property as their own. In the alternative, they asked the court to find that they acquired a prescriptive easement over the strip based on their open, notorious, exclusive, and continuous use of it.

In his answer, Wells denied the Francoises' claims and asserted the affirmative defenses of estoppel, waiver, laches, acquiescence, and failure to state a claim upon which relief may be granted. He counterclaimed for the court to quiet his title to the strip.

The Francoises moved for a summary judgment. Their claimed undisputed material facts included the following:

● Neither Wells nor Wearing had maintained the grassy portion of the strip since 1997.

● The Francoises' predecessor, Flemming, maintained the grassy portion of the strip by mowing any vegetation and caring for a rosebush from 1995 through 2001.

● Flemming stored garbage cans, parked his vehicles, and walked on the strip from 1995 through 2001.

● Flemming maintained the strip as his own from 1995 through 2001.

● Janine Francoise noticed that Flemming stored his trash cans and a boat on the strip when the Francoises toured the property before purchasing it.

● They believed the strip was included in their property

● They routinely trimmed the grass, maintained the shrubbery, and stored their trash cans on the strip from 2001 until 2014.

● The Francoises and their predecessor, Flemming, had used the strip for more than 15 years.

● The existing garage and wood privacy fence encroach onto the strip. But they had been in place for over 15 years before Wells complained about the Francoises' use of the property.

● Neither Wells nor Wearing complained about the Francoises' use of the strip until February 2014.

Wells argued that the Francoises' motion for summary judgment should be denied because there were disputed matters of material fact that required a trial. He argued that there were disputes over:

● Who maintained the strip while Flemming owned it. (Wearing testified in his deposition that his employees mowed the weeds on the strip during the time that Flemming owned the adjacent tract, that Flemming did not maintain the tract, and that Flemming did not maintain the rosebush.)

● How Flemming used the strip. (Wearing testified in his deposition that Flemming did not park vehicles on the strip and did not exclude Wearing or his employees from using the strip.)

● Whether the Francoises believe that they owned the strip. (They told Wearing that they never thought about having squatters rights to the strip.)

● How the Francoises maintained the strip. (Wearing testified in his deposition that his workers controlled the weeds on the strip, that the Francoises did not maintain the rosebush but instead only cut off a few limbs, and that Wearing maintained the gravel driveway.)

● How the Francoises used the strip. (Wearing testified in his deposition that his employees regularly parked their vehicles on the gravel drive and regularly drove across the strip.)

Wells countered with his own motion for summary judgment, claiming:

● There was no evidence that the Francoises had a good-faith belief in ownership because they admitted that they did not think they owned the strip.

● A movable trash can and a rosebush did not amount to open and notorious dominion over the strip.

● Wells had never admitted that he did not own the property.

The district court denied summary judgment, stating:

"And, frankly, while it is a very close matter, the Court finds that there is sufficient ambiguity in some of the answers regarding issues of the parking and the maintenance of the grass and other and the roses, the now infamous rosebush, that there is sufficient ambiguity in some of the answers to preclude the Court being able to find that there is no disputed material fact. It was a very close matter, Mr. Michel [Appellant's trial attorney], but the Court given the standards the Court has to apply and the general disfavor that is seen for summary judgment but simply even despite that there is just

4

simply sufficient ambiguity in the answers that were propounded that were achieved in the course of the depositions of [this] matter that preclude the Court from granting summary judgment.

"And so the Court is going to deny that motion."

The matter was tried to the court. In the district court's memorandum decision, the court found that the Francoises had not established title to the entire strip by adverse possession because they and their predecessor-in-title had not exclusively possessed the entire strip for the requisite period. Further, the court found that Flemming, the Francoises' processor-in-title, did not have the intention to possess the entire strip of land to the exclusion of others and instead believed that he had an easement to use the strip of land.

But the court did determine that the Francoises had established adverse possession over a portion of the strip based on the erection and maintenance of the garage and fence which had encroached on Well's property for more than 15 years. The court adjusted the property line to accommodate the Francoises' garage and fence.

The Francoises moved the court to alter or amend its decision, arguing that the court should make findings of fact and conclusions of law on their claim for a prescriptive easement. In response, the district court determined that the Francoises did not have a prescriptive easement over the entire strip because they failed to prove that they and their predecessor-in-interest's use of the strip was to the exclusion of all others for the requisite period of time.

The Francoises appeal, claiming the district court erred in denying their motion for summary judgment and in finding that they did not have a prescriptive easement over the strip.

*Summary Judgment*

The Francoises claim that the district court erred in denying their motion for summary judgment based on their claimed undisputed material facts.

In *NEA-Topeka v. U.S.D. No. 501*, 260 Kan. 838, 843, 925 P.2d 835 (1996), our Supreme Court held that the general rule is that a party can appeal a summary judgment ruling only when judgment on the motion has been entered against them. Further, a jury verdict in the case renders moot a claim on appeal that the district court erred in denying a summary judgment motion. *Davis v. Odell*, 240 Kan. 261, 264, 729 P.2d 1117 (1986). There is some authority for an appellate court to review the denial of a summary judgment motion when the denial is based solely on a principal of law and the case is ultimately tried to a jury. See *Paschal v. Flagstar Bank*, 295 F.3d 565, 572 (6th Cir. 2002). But this is premised on the fact that juries resolve issues of fact, not matters of law. Here, the issues of fact and law were resolved by the district court in a bench trial.

The issue before the district court in resolving the Francoises' summary judgment motion was whether they had acquired title by adverse possession, which is generally a question of fact. *Ruhland v. Elliott*, 302 Kan. 405, 409, 353 P.3d 1124 (2015). Here, the district court found that there remained disputed issues of material fact regarding parking on, and maintenance of, the strip which needed to be resolved at trial. The ultimate resolution of those issues at trial rendered the district court's ruling on the Francoises' summary judgment motion moot, and we need not address it further. This claim is dismissed as moot.

*Prescriptive Easement*

The Francoises contend that the district court erred when it found that they did not have a prescriptive easement over the disputed strip of land. Whether a prescriptive

6

easement has been established is a question of fact. We typically review the district court's factual findings using the substantial evidence standard. *Brownback v. Doe*, 44 Kan. App. 2d 938, 942, 241 P.3d 1023 (2010). But here, the court made a negative finding—that the Francoises failed to meet their burden of proving the existence of a prescriptive easement. We will not disturb such a finding "absent proof of an arbitrary disregard of undisputed evidence or some extrinsic circumstance such as bias, passion, or prejudice. [Citation omitted]." *In re Estate of Haneberg*, 270 Kan. 365, 374, 14 P.3d 1088 (2000).

We use our adverse possession statute, K.S.A. 60-503, to determine whether the elements of a prescriptive easement have been established. *Stramel v. Bishop*, 28 Kan. App. 2d 262, 264, 15 P.3d 368 (2000). K.S.A. 60-503 provides:

"No action shall be maintained against any person for the recovery of real property who has been in open, exclusive and continuous possession of such real property, either under a claim knowingly adverse or under a belief of ownership, for a period of fifteen (15) years."

We begin with the presumption that Wells, the party holding the legal title to the contested property, owns the property as opposed to the Francoises, the parties seeking to acquire the property by adverse possession. The law does not allow a person's property to be taken by another upon presumptions or probabilities. *Stith v. Williams*, 227 Kan. 32, 36, 605 P.2d 86 (1980). The party asserting a prescriptive easement has the burden to establish the necessary elements by clear, convincing, and satisfactory evidence. *Koch v. Packard*, 48 Kan. App. 2d 281, 285, 294 P.3d 338 (2012).

Here, the district court found that the Francoises failed to show exclusivity. "The Kansas cases dealing with adverse possession make clear that 'exclusive use' is a necessary requirement to prove title by adverse possession." 48 Kan. App. 2d at 285.

7

Unfortunately, we have not been provided with the transcript of the trial before the district court. Thus, it is impossible for us to determine whether the Francoises met their burden to establish exclusivity as required by K.S.A. 60-503. The burden is on the party making a claim of error to designate facts in the record to support that claim. Without such a record, the claim of error fails. *Friedman v. Kansas State Bd. of Healing Arts*, 296 Kan. 636, 644, 294 P.3d 287 (2013). Such is the fate of the Francoises' second claim of error.

Dismissed in part and affirmed in part.