NOT DESIGNATED FOR PUBLICATION

No. 127,280

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

In the Matter of the Marriage of

C.M.,
*Appellant*,

and

M.M.,
*Appellee.*

MEMORANDUM OPINION

Appeal from Reno District Court; TRISH ROSE, judge. Submitted without oral argument. Opinion filed December 27, 2024. Remanded with directions.

*Shannon S. Crane*, of Hutchinson, and *Shawnah K. Bennett*, of Hutchinson, for appellant.

*Luann K. Trummel*, of Hutchinson, for appellee.

Before BRUNS, P.J., SCHROEDER and CLINE, JJ.

PER CURIAM: C.M. appeals the district court's September 24, 2023 order regarding the dissolution of his marriage to M.M. After careful review of the record, we remand to the district court with instructions as it is unclear whether the district court issued a final appealable order and whether C.M. should be entitled to representation.

FACTUAL AND PROCEDURAL BACKGROUND

In January 2022, C.M. filed a petition to divorce M.M. due to the incompatible nature of their relationship. The petition noted the parties were married in March 2014 and had one minor child, J.M., born in 2011. C.M. sought, among other things, joint legal custody of J.M. with primary residential preference to M.M. and reasonable and specific parenting time. M.M. did not otherwise answer or respond to the petition, and the district court entered a default judgment.

The parties continued to litigate the matter—over C.M.'s objection—while C.M. was deployed on active military duty in Kuwait. The order in the record on appeal reflects the district court held a hearing on September 14, 2023, at which C.M. appeared in person, resolving various issues related to the divorce. C.M. timely appealed.

Prior to filing his appellate brief, C.M.'s counsel passed away. Another attorney completed and submitted C.M.'s appellate brief and notified C.M. he would be proceeding pro se.

ANALYSIS

It is unclear from the record whether the district court has issued a final order resolving all matters related to C.M. and M.M.'s divorce. "We have a duty to question jurisdiction on our own initiative and, when the record discloses a lack of jurisdiction," we must dismiss the appeal. *Northern Natural Gas Co. v. ONEOK Field Services Co.*, 296 Kan. 906, 916, 296 P.3d 1106 (2013). Without a final appealable order reflected in the record on appeal, we are required to dismiss the appeal as interlocutory. See *NEA-Topeka v. U.S.D. No. 501*, 260 Kan. 838, 843, 925 P.2d 835 (1996).

We note additional concerns bearing on our ability to consider this appeal. Where the lack of findings in the record precludes meaningful review of the relevant issues before us, we have the authority to remand for additional findings by the district court. See *O'Brien v. Leegin Creative Leather Products, Inc.*, 294 Kan. 318, 363, 277 P.3d 1062 (2012). We note C.M.'s deceased counsel was allowed to withdraw from this appeal and no substitute attorney entered an appearance. Under the Servicemembers Civil Relief Act, 50 U.S.C. § 3901 et seq., a court cannot enter judgment unless an attorney is appointed to represent and protect the servicemember's interests. 50 U.S.C. § 3931(b)(2). The record reflects C.M. returned from active-duty deployment and appeared in person at the September 2023 hearing, but his current military status is unknown. He should either receive appointed counsel or have an opportunity to be heard on the issue and establish his current military status.

We remand to the district court to determine C.M.'s current military status and whether he should be appointed new counsel on appeal or otherwise be granted a reasonable opportunity to retain new appellate counsel. We further instruct the district court to determine what final orders it has entered regarding the permanent custody of the minor child, child support obligations, division of property, and other matters involved in the dissolution of the marriage of C.M. and M.M.

Remanded with directions.