No. 78,947

KANSAS DEPARTMENT OF TRANSPORTATION, *Appellee,* v.
ROBERTA S. HUMPHREYS, *Appellant.*

(967 P.2d 759)

Opinion filed No-
vember 6, 1998.

*Scott A. Stone,* of Overland Park, argued the cause, and *Kevin A. Graham,* of the Kansas Association of Public Employees, was with him on the briefs for appellant.

*Vicky S. Johnson,* of Kansas Department of Transportation, argued the cause, and *Michael B. Rees,* chief counsel, was with her on the briefs for appellee.

The opinion of the court was delivered by

LOCKETT, J.: A state agency dismissed an employee. The employee appealed to the review board. The board modified the agency's finding that suspension of the employee and a demotion was the appropriate sanction. The state agency appealed. The district court found that the board had statutory authority to affirm or reverse an agency action but lacked authority to modify the agency's action and remanded the matter to the board to affirm or reverse the agency's action. The employee appealed the district court's finding and remand to the board. While this appeal was pending, the board redetermined the matter and affirmed the agency's dismissal of the employee.

On August 23, 1996, Dean Carlson, Secretary of Transportation, wrote a letter to Roberta S. Humphreys, an employee of Kansas Department of Transportation (KDOT), proposing to dismiss her from her position as a Computer Operator III. Carlson's letter indicates he proposed the action because Humphreys had misappropriated state funds by claiming work hours in excess of time actually worked.

After a hearing, Carlson decided to terminate Humphreys' employment. Humphreys appealed to the Kansas Civil Service Board (Board). The Board heard the matter on November 5, 1996.

On November 21, 1996, the Board issued its final order, finding that Humphreys seriously abused her break times between January and July 1996. However, the Board determined that KDOT's dismissal of the employee was unreasonably excessive and modified the agency's dismissal. The Board ruled the appropriate sanction was a suspension of the employee without pay for a specified period of time and demotion to Computer Operator II.

KDOT appealed the Board's decision to the district court. Although KDOT made numerous allegations of error to the district court, the appeal turned on KDOT's claim that the Board lacked statutory authority to modify KDOT's disciplinary action.

In reviewing the Board's decision, the district court considered the legislative history of the Board's scope of review regarding dismissals, demotions, and suspensions of state employees. The court observed that prior to 1988, K.S.A. 75-2929e (Ensley 1984) of the Kansas Civil Service Act, K.S.A. 75-2925 *et seq.*, provided that the Board had authority to affirm, modify, or reverse a disciplinary decision of a state agency. In 1988, the legislature repealed K.S.A. 75-2929e and replaced it with a provision that all hearings before the Board on the issue of the reasonableness of dismissals are subject to the Kansas Administrative Procedure Act (KAPA), K.S.A. 77-501 *et seq.*

Based on the repeal of K.S.A. 75-2929e, the district court concluded that the Board's jurisdiction regarding review of a dismissal decision was limited to a determination of the reasonableness of the dismissal. The district court set aside the Board's modification of KDOT's order of dismissal and remanded the matter to the

Board to affirm or reverse the agency's dismissal of Humphreys. Humphreys filed a notice of appeal to the Court of Appeals on April 7, 1997, claiming that the Board had authority to modify the state agency's disciplinary decision. The case was transferred to this court pursuant to K.S.A. 20-3018(c).

Meanwhile, in light of the district court's remand order, the Board reconsidered its prior actions. In a May 1, 1997, final order, the Board then determined that KDOT's dismissal of Humphreys was reasonable.

## Jurisdiction

Prior to transfer of this case from the Court of Appeals, the Court of Appeals questioned appellate jurisdiction based on the Board's second order affirming the agency's dismissal of Humphreys, which was filed subsequent to the filing of the notice of appeal in this case. In light of the subsequent order, the Court of Appeals requested the parties to brief the issue of jurisdiction. KDOT responded that the appellate courts lack jurisdiction to review the district court's remand order because Humphreys did not appeal the Board's subsequent and final order affirming her dismissal. Humphreys asserted that the appellate courts' interest in judicial economy warrants review of the issue at this time.

The Kansas Act for Judicial Review and Civil Enforcement of Agency Actions (Kansas Judicial Review Act), K.S.A. 77-601 *et seq.*, provides the exclusive means of obtaining judicial review of an agency action. See K.S.A. 77-606. Only those persons who have exhausted their administrative remedies may seek review under the Act. *W.S. Dickey Clay Mfg. Co. v. Kansas Corp. Comm'n*, 241 Kan. 744, 751, 740 P.2d 585 (1987). Those who appeal an agency action to the district court pursuant to the Act may appeal the district court decision to the appellate courts, just as parties do in other civil cases. K.S.A. 77-623.

Here, Humphreys exhausted her administrative remedies. KDOT appealed from the Board's final order. The district court remanded the case to the Board. The district court's decision was final. Humphreys appealed the district court's order to the Court of Appeals. This she is permitted to do by K.S.A. 77-623.

Although the Board's second order was signed on May 1, 1997, according to the order, it was considered on April 1, 1997. In light of Humphreys' appeal, the Board did not have jurisdiction to redetermine Humphreys' case. Therefore, the Board's second order affirming Humphreys' dismissal was without effect and does not impair this court's jurisdiction to hear Humphreys' appeal.

## Board's authority to modify agency decisions

Humphreys contends that pursuant to K.S.A. 75-2929d(b), the Board's power to modify agency actions is provided by KAPA. Humphreys concludes that because the agency head has power to issue final orders under K.S.A. 77-526(c) of KAPA, the Board has all the powers of the agency head, which include the power to issue orders modifying unreasonable agency actions. For authority, Humphreys cites K.S.A. 75-2929d(b) of the Kansas Civil Service Act, which states, in part: "Hearings shall be conducted in accordance within the provisions of the Kansas administrative procedure act. For purposes of the administrative procedure act, *the state civil service board shall be deemed the agency head.*" (Emphasis added.)

KDOT contends that KAPA provides only the procedures for civil service proceedings; thus, it provides *procedural* rather than *substantive* rights. KDOT argues that the rights at issue in this case are substantive rather than procedural. Therefore, according to KDOT, KAPA has no bearing on the issue in this case. KDOT's argument is based on K.S.A. 77-503(b) of KAPA, which provides: "This act creates only procedural rights and imposes only procedural duties. They are in addition to those created and imposed by other statutes." We disagree with KDOT's analysis.

This issue is one of first impression in Kansas. The procedure for judicial review of an administrative agency action is set out in the Kansas Judicial Review Act. K.S.A. 77-621(c)(4) permits judicial review when an agency has misinterpreted or misapplied the law. When a party disputes the district court's interpretation of a statute, the issue raised is a question of law. An appellate court's scope of review on questions of law is unlimited. See *In re Tax Appeal of Boeing Co.*, 261 Kan. 508, Syl. ¶ 1, 930 P.2d 1366 (1997).

Our analysis requires us to consider the administrative review procedures found at K.S.A. 75-2929e (Ensley 1984) of the Kansas Civil Service Act, the current administrative review procedures found in KAPA, and the power of the district court to review administrative actions under the Kansas Judicial Review Act.

When the legislature revises an existing law, it is presumed that the legislature intended to change the law as it existed prior to the amendment. *State v. Clint L.*, 262 Kan. 174, Syl. ¶ 2, 936 P.2d 235 (1997). Where a reading of a statute leaves its construction uncertain, the court may look to the historical background of the enactment, the circumstances attending its passage, the purpose to be accomplished, and the effect the statute may have under the various constructions suggested. *State v. Gonzales*, 255 Kan. 243, 249, 874 P.2d 612 (1994) (quoting *Brown v. Keill*, 224 Kan. 195, Syl. ¶ 3, 580 P.2d 867 [1978]). See *Brown v. U.S.D. No. 333*, 261 Kan. 134, 142, 928 P.2d 57 (1996) (interpreting the Kansas Administrators' Act).

First, we note that prior to 1988, the Kansas Civil Service Act provided, as it does currently, that any permanent employee finally dismissed, demoted, or suspended, may request a hearing from the Civil Service Board to determine the *reasonableness* of such action. See K.S.A. 75-2949(f) (Ensley 1984); K.S.A. 75-2949(f). In 1988, the legislature amended the Kansas Civil Service Act to provide that hearings before the Board be conducted in accordance with KAPA. See L. 1988, ch. 356, § 301. In so doing, the legislature repealed K.S.A. 75-2929e (Ensley 1984), the section which had provided the procedure for administrative review in cases where an employee in the classified service of the State complained of a wrongful dismissal. See *Pecenka v. Alquest*, 232 Kan. 97, 99, 652 P.2d 679 (1982). K.S.A. 75-2929e had provided the language that is the subject of the controversy in this case: "The state civil service board . . . after hearing and consideration of the evidence shall *affirm, modify or reverse a case on its merits and order any other action it deems appropriate.*" (Emphasis added.)

Because the Board had authority prior to 1988 (and still has that same authority) to determine the reasonableness of an agency's disciplinary action, it cannot be said that the Board's authority to

determine the reasonableness of an agency's disciplinary action was a provision specifically crafted by the legislature in 1988 to limit the Board's present authority on review of agency actions to affirm or reverse. As noted previously, the legislature repealed K.S.A. 75-2929e to adopt the KAPA review procedures for agency actions. Therefore, this court must look to KAPA to ascertain the scope of the Board's authority to review agency employee disciplinary decisions.

K.S.A. 77-526(c) of KAPA provides that the Board shall, upon review of an agency action, render a final order which shall include

"findings of fact, conclusions of law and policy reasons for the decision if it is an exercise of the state agency's discretion, for all aspects of the order, including the remedy prescribed and, if applicable, the action taken on a petition for stay of effectiveness. Findings of fact, if set forth in language that is no more than mere repetition or paraphrase of the relevant provision of law, shall be accompanied by a concise and explicit statement of the underlying facts of record to support the findings. . . ."

Clearly, a final order authorized by KAPA is more than an affirmance or disapproval of the agency action. The Board is empowered to prescribe a remedy.

Under KAPA, the Board has the authority to affirm, modify, or reverse a case on its merits and to order any other action it deems appropriate. Pursuant to K.S.A. 77-526(c) of KAPA, the Board's order modifying KDOT's disciplinary action was a final order. Although the district court had authority pursuant to K.S.A. 77-622(d) of the Kansas Judicial Review Act to remand the case to the Board, the district court erred in concluding the Board acted outside its jurisdiction.

The district court's determination that the Board was without jurisdiction to modify the agency's dismissal is reversed. The Board's subsequent affirmance of the agency's action on remand of the district court is set aside. The case is remanded to the district court for further action pursuant to K.S.A. 77-622.