NOT DESIGNATED FOR PUBLICATION

No. 124,175

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

RICHARD PRINCE JR.,
*Appellant*,

v.

KANSAS DEPARTMENT OF LABOR,
*Appellee*.

MEMORANDUM OPINION

Appeal from Shawnee District Court; MARY E. CHRISTOPHER, judge. Opinion filed May 13, 2022. Affirmed in part, reversed in part, and remanded with directions.

*Danielle N. Davey*, of Sloan, Eisenbarth, Glassman, McEntire & Jarboe, L.L.C., of Lawrence, for appellant.

*Glenn H. Griffeth*, special assistant attorney general, Kansas Department of Labor, for appellee.

Before BRUNS, P.J., CLINE, J., and JAMES L. BURGESS, S.J.

PER CURIAM: This judicial review action traces its roots to a demotion letter sent by the Kansas Department of Labor (KDOL) to Richard Prince Jr., which was dated February 21, 2011. Prince appealed to the Civil Service Board, but the Board dismissed the appeal as untimely filed. Prince later sought review by the district court under the Kansas Judicial Review Act (KJRA), K.S.A 77-601 et seq., and the Board's order was reversed. As a result, this action was remanded to the Board for a ruling on the merits. On remand, the Board unanimously concluded that Prince had been unreasonably demoted. Accordingly, the Board ordered that Prince be reinstated by the KDOL to the same or

1

similar position from which he was demoted and that he receives back pay as well as benefits that accrued until August 2012. Thereafter, the KDOL offered to reinstate Prince to another position.

Prince then filed a second judicial review action, and the district court once again remanded the matter to the Board. In so doing, the district court ordered that the Board make additional findings of fact and conclusions of law under K.S.A. 77-526(c). In particular, the district court found that "[t]he Board must first determine whether the offer regarding reinstatement complied with its order and would be sufficient to terminate liability for back wages and fringe benefits." On remand, the Board did not hold an evidentiary hearing but relied on the findings of fact from its previous order.

The Board issued an order in which it, again, determined that Prince's demotion was unreasonable and found that Prince should be paid benefits—including a longevity bonus and KPERS contributions—through August 2012. In addition, the Board found that the KDOL complied with its previous reinstatement order. Following the issuance of the Board's order, Prince sought judicial review for the third time. After considering oral and written arguments presented by the parties, the district court denied Prince's petition for judicial review. However, in so concluding, the district court noted several instances in which the Board's decision may have been incomplete or in which the supporting evidence may have been lacking.

On appeal, Prince challenges the Board's decision not to award benefits beyond August 31, 2012. In addition, Prince challenges the Board's determination that the KDOL complied with its order of reinstatement. The parties do not appeal from the Board's finding "that Prince was demoted and that such demotion was unreasonable." As a result, we affirm that portion of the Board's order. Even so, because there are remaining questions of fact, we once again remand this action to the Board. Specifically, we direct the Board to hold an evidentiary hearing to allow the parties to present additional

2

evidence on the issue of reimbursement of benefits and on the issue of the KDOL's compliance with the Board's previous order of reinstatement.

FACTS

The underlying facts in this judicial review action are set forth in *Prince v. Kansas Dept. of Labor*, No. 110,182, 2014 WL 1363532 (Kan. App. 2014) (unpublished opinion). As such, they will not be repeated in this opinion. Rather, we will focus on what has occurred since we first remanded this matter to the Civil Service Board. We note that the Kansas Supreme Court denied review of our prior opinion on August 28, 2014, and that a mandate was issued on September 2, 2014.

On October 30-31, 2017, the Board commenced a two-day evidentiary hearing to consider Prince's claims on the merits. During the hearing, the parties presented evidence regarding Prince's claims for lost wages and benefits including vacation, sick leave, health insurance, KPERS contributions, and longevity bonuses. During the hearing, Prince testified that he had accepted a contract position in Nebraska that had started on September 2, 2012. As a result, he stipulated that he was only seeking lost wages until August 31, 2012. However, Prince also testified that the contract position that he held until October 2017 did not include health insurance, sick leave, or vacation benefits. Consequently, Prince sought reimbursement for any benefits that would still be accruing in Kansas had he not been demoted.

Prince testified at the hearing that the Kansas Department of Health and Environment (KDHE) approached him in September 2012 regarding a possible position with the State. Although it is unclear from the record if the KDHE actually made a formal offer of employment, Prince testified: "I informed them that I had employment and I refused that position." Prince further testified that on October 2, 2017, less than a month before the evidentiary hearing, he had accepted a full-time position to serve as the

3

Unemployment Insurance Benefits Coordinator for the State of Nebraska. Prince explained that he was, then, making $32.50 per hour plus benefits in his new position.

On March 23, 2018, the Board issued an order in which it unanimously found that Prince had been unreasonably demoted. The Board determined that "[t]he removal of Mr. Prince from his position as Training Coordinator and placement . . . in a 'Data Entry Operator' position was a demotion . . . ." In reaching this conclusion, the Board reasoned that "[t]he position that Mr. Prince was moved into was most consistent with an Administrative Assistant classification, a position which, if properly classified, is ten pay grades lower than Mr. Prince's Public Service Administrator II position [and] it would have resulted in a reduction in pay."

The Board found that the appropriate remedy for the unreasonable demotion was for Prince to be reinstated to a position with the same or similar duties. The Board ordered that the KDOL pay Prince lost wages from August 2011 through August 2012, including any longevity bonus that may apply. The Board also ordered the KDOL to pay Prince for any sick and annual leave that had accrued before August 31, 2012. Additionally, the Board ordered the KDOL to make all KPERS contributions that would have been made during the same time period between August 2011 and August 2012.

On April 9, 2018, the KDOL notified Prince that it was reinstating him as a Public Service Administrator II in the position of Quality Assurance Coordinator and that he was to report for work on April 18, 2018. But the day before he was to report to this position, Prince moved the Board for a stay pending a decision on a motion for reconsideration that he had filed. The Board granted the stay, and a week later, it denied Prince's request for reconsideration.

A few days later, Prince filed his second petition for judicial review with the district court. On, December 20, 2018, the district court again remanded this matter to the

4

Board. In the district court's order, it found that the Board's conclusion that Prince be reinstated should stand because it was not challenged by the parties. Still, the district court vacated the remedy portion of the Board's order. In doing so, the district court found that the Board "simply states that these remedies should be applied but does not point to any facts or reasons that support the decision."

As a result, the district court remanded Prince's case to the Board for additional fact-finding regarding the Board's decision to limit the period of Prince's benefits award from August 2011 through August 2012. In addition, the district court remanded Prince's case to allow the Board an opportunity to determine whether the Quality Assurance Coordinator position complied with the Board's previous reinstatement remedy. Specifically, the district court concluded that "[t]he Board must first determine whether the offer of reinstatement complied with its order and would be sufficient to terminate liability for back wages and fringe benefits." Although it appears that the district court may have anticipated that the Board would receive additional evidence on remand, the district court did not expressly order an evidentiary hearing.

As a result, this matter made its way back to the Board for a third time. On this occasion, the Board decided not to hold an evidentiary hearing or to receive additional evidence. Instead, the Board issued an order on March 10, 2020, discussing the evidence that had been previously admitted. Once again, the Board found that Prince had been unreasonably demoted; that he was entitled to the payment of lost wages from August 2011 through August 2012; and that he was entitled to reimbursement for annual leave, sick leave, and retirement benefits accrued during the same time period. The Board further found that the KDOL had complied with its previous order of reinstatement.

In particular, the Board made the following findings that are material to this appeal:

5

"12. 'Transfers in the classified service may be made from a position in one class to a position in another class *when the duties and compensation are similar*.' K.S.A. 75-2947(a).

"13. Prince's position prior to his being laid off in July of 2011 was classified as a 'Public Service Administrator II.' Prior to that, Prince was also classified as a 'Public Service Administrator II.' The position that Prince was reinstated to was classified as 'Public Service Administrator II.' Because the classification remained the same, the pay Prince would have received would have been comparable or the same. Prince was not transferred to another classification so there is no question to be considered as to the duties of the position. K.S.A. 75-2947(a). Had Prince accepted the position and reported April 18, 2018, he would have been entitled to health insurance, leave accrual and retirement benefits as he had received prior to the dismissal in July of 2011. *While Prince offered a statement to the District Court that the duties were different, that is inconsequential since he was not transferred to a different classification of employment. Furthermore, Prince refused the position, therefore it is impossible to know if the duties were the same or similar.*" (Emphases added.)

On May 26, 2020, after filing an unsuccessful motion for reconsideration, Prince again petitioned for judicial review in the district court. On May 13, 2021, the district court issued a memorandum decision and order denying the petition for judicial review and affirming the Final Order entered by the Board. Thereafter, on June 4, 2021, Prince timely filed a notice of appeal.

ANALYSIS

Prince raises two issues on appeal. First, Prince contends that the Board erred by only ordering reimbursement of benefits through August 2012. Second, Prince contends that the Board erred by determining that the KDOL complied with the Board's previous order to reinstate him to a position with "the same or similar duties." Regarding both issues, Prince argues that the Board's decisions are not supported by substantial evidence and are unreasonable, arbitrary, or capricious. In response, the KDOL recognizes that the

6

Board's "reasoning might be a little off canter," but its ultimate conclusions are supported by substantial competent evidence and are reasonable.

The KJRA, K.S.A 77-601 et seq., defines our scope and standard of review in this action. K.S.A. 77-603(a); *Board of Cherokee County Comm'rs v. Kansas Racing & Gaming Comm'n*, 306 Kan. 298, 318, 393 P.3d 601 (2017); *Coma Corporation v. Kansas Dept. of Labor*, 283 Kan. 625, 628, 154 P.3d 1080 (2007) (KJRA applies when claims are brought before the Kansas Department of Labor.). Appellate courts exercise the same statutorily limited review of the agency's action as does the district court, as though the appeal had been made directly to the appellate court. *Board of Cherokee County Comm'rs*, 306 Kan. at 318.

On appeal, the party asserting invalidity of an agency or board's action—in this case Prince—bears the burden of establishing such invalidity. K.S.A. 77-621(a)(1). Here, Prince argues that the Board's most recent order is invalid because it is not supported by substantial evidence in light of the record as a whole and is unreasonable, arbitrary or capricious. See K.S.A. 77-621(d)(7) and (d)(8).

K.S.A. 77-621(d) defines substantial evidence in light of the record as a whole to include evidence both supporting and detracting from the order appealed. Further, we are to determine whether the evidence supporting the factual findings contained in the order is substantial when considered in light of all the evidence. *Atkins v. Webcon*, 308 Kan. 92, 96, 419 P.3d 1 (2018). Additionally, the test for determining whether an order is unreasonable, arbitrary, or capricious is whether a particular action is justified by the record on appeal. K.S.A. 77-621(c)(8). This includes whether the Board appropriately exercised its discretion and whether the Board's action has foundation in fact. See *Kansas Dept. of Revenue v. Powell*, 290 Kan. 564, 569, 232 P.3d 856 (2010).

*Limitation on Period of Benefits Reimbursement*

Prince contends that the Board erred in only awarding him reimbursement of benefits through August 2012. In so arguing, Prince notes that he does not challenge the Board's limited award for lost wages. Rather, Prince explains that his challenge on appeal is limited to the Board's determination of the period for which he should receive reimbursement of employment benefits that would have continued to accrue prior to his full-time employment with the State of Nebraska on October 2, 2017, had he not been improperly demoted.

As for his claim for reimbursement of benefits, Prince asserts that the Board unreasonably limited his benefits' award, asserting that his initial position as a contractor in Nebraska did not include benefits. "Mitigation of damages is an affirmative defense and the burden of proving a failure to mitigate losses devolves upon the party who asserts it." *Leavenworth Plaza Associates, L.P v. L.A.G. Enterprises*, 28 Kan. App. 2d 269, Syl. ¶ 4, 16 P.3d 314 (2000); see *Wagher v. Guy's Foods, Inc.*, 256 Kan. 300, 329-30, 885 P.2d 1197 (1994). Here, we find the nature and extent of Prince's mitigation of damages is unclear based on the current status of the record on appeal.

We cannot determine from the record on appeal whether Prince was officially offered a position of employment by the KDHE in September 2012 or was simply told of the existence of such a position. Even if we assume that he refused an official offer of employment with the KDHE, we cannot determine from the record if Prince was simply refusing the job in Mayetta or was refusing any similar job with the State of Kansas. Thus, we conclude that the Board's finding—that Prince foreclosed the opportunity for employment with the State of Kansas as of August 2012—to not be supported by substantial evidence when the record is viewed as a whole.

8

Likewise, we also cannot determine from the record on appeal the amount of money that Prince was making while he was a contract employee from September 2, 2012, through October 2, 2017. Instead, we can only glean from the record that he was making $34.40 an hour at his subsequent, full-time position with the State of Nebraska, which Prince had started just a few weeks before the hearing in October 2017. As such, it appears that the Board mistakenly relied on Prince's testimony about his hourly wage in 2017 to support its conclusion regarding Prince's hourly wage in 2012. Consequently, we conclude that the Board's finding that Prince was making more than enough as a contract employer in 2012 to cover both his lost wages and benefits is not supported by substantial evidence when the record is reviewed as a whole.

In reviewing the record, we see that Prince requested the opportunity to present additional evidence to the Board on two occasions after the matter was remanded by the district court in December 2018. Unfortunately, both requests were turned down and we are left to review an incomplete record. At the very least, we find that the Board should have allowed the parties an opportunity to present additional evidence regarding the nature and extent of the reimbursement of benefits to which Prince is entitled.

*Compliance with the Board's Previous Order of Reinstatement*

Prince also contends that the Board erred in finding that the KDOL had complied with the Board's previous order to reinstate him. As Prince points out, the Board's order entered on March 23, 2018, specifically required that Prince "shall be reinstated at the same job classification and pay in the same or similar position with the same or similar duties." However, in the Board's subsequent order entered on March 10, 2020, the Board found that, because the KDOL offered Prince a position with the same classification, the Board did not need to decide whether the duties of the offered position were the same or similar to the duties of the position that Prince had held before his demotion. In this regard, Prince again argues that he should have been able to present evidence regarding

9

whether the KDOL had complied with the order of reinstatement. In support, Prince contends that there are substantial differences between the job descriptions between the two positions, particularly in relation to the training responsibilities of the two positions.

It appears from a review of the Board's most recent order that that the Board changed its position about what the Board was requiring the KDOL to do about Prince's reinstatement. We note that in the Board's original decision ordering reinstatement, the Board placed particular emphasis that Prince's reinstatement job duties be similar or the same to those of his previous Training Coordinator position. In contrast, the Board's most recent order states that it is "inconsequential" whether the duties of the position offered by the KDOL were the same or similar to the duties of his prior position. It is undisputed that Prince served as a Training Coordinator in the Unemployment Center before his demotion and that he was reinstated to the position of Quality Assurance Coordinator with the same or similar classification level and pay grade. Yet there is nothing in the record to indicate whether the duties of the two positions are the same or similar. Further, there is nothing in the Board's most recent decision that reasonably bridges the gap between its two decisions regarding the similarity in job duties.

Instead, from the record on appeal, we are left with an unexplained and significant shift between the rationale set forth in the Board's order entered in 2018 and its order entered in 2020 regarding Prince's reinstatement award. In its 2018 order, the Board went into detail explaining that an employee may be demoted even if he or she does not suffer a reduction in pay. Further, in support of its determination that Prince had been unlawfully demoted, the Board's 2018 order found that the KDOL had engaged in significant subterfuge, by intentionally manipulating Prince's job classifications and job descriptions to avoid characterizing Prince's 2011 transfer as a demotion. As a result of the KDOL's actions, the Board specifically required that Prince not only be reinstated to a position with the same classification and pay but also that he be reinstated "in the same or similar position *with the same or similar duties*." (Emphasis added.)

10

The record reflects that shortly after the Board issued its 2018 order, the KDOL notified Prince that it was reinstating him "as a Public Service Administrator II in a position consistent with the Board's order, with corresponding benefits and entitlements." In particular, the KDOL notified Prince that it was reinstating him to the "position of Quality Assurance Coordinator." Still, according to Prince, the Quality Assurance Coordinator position involved significantly different job duties than those of his previous Training Coordinator position. As a result, Prince contested the reinstatement and sought a hearing to explain the differences.

Rather than hold an evidentiary hearing the Board issued its second order in 2020, in which the Board appeared to reverse course about whether Prince's reinstated position had to involve the same or similar duties. Notably, the KDOL candidly concedes in its brief that the Board took "a departure" from its earlier order regarding Prince's reinstatement. Even so, the KDOL argues that this departure is not significant. Based on our review of the record, we disagree with the KDOL's position and conclude that the lack of explanation between the two Board opinions is significant enough to warrant remand and an evidentiary hearing.

If we accepted the KDOL's position on this issue, it would require Prince to accept reinstatement—regardless of whether it complies with the Board's order— to challenge the validity of the offer. In this regard, the Kansas Supreme Court has held that a civil service employee with permanent status who is improperly demoted is not required to remain in the demoted position in order to challenge the reasonableness of the demotion. See *Goertzen v. State Department of Social & Rehabilitation Services*, 218 Kan. 313, 320-21, 543 P.2d 996 (1975). Although *Goertzen* is not identical to this case, we find that it provides guidance regarding what Prince must do to challenge the reasonableness the KDOL's offer of reinstatement.

As we previously noted, Prince argues that there are significant differences between the job duties of a Quality Assurance Coordinator and a Training Coordinator. It is uncontested that Prince received a job description for the Quality Assurance Coordinator position after the KDOL's offer of reinstatement. Nevertheless, the Board rejected Prince's requests to present evidence after the district court subsequently remanded the issue of his reinstatement for the Board's reconsideration by the district court. As a result, Prince was never given the opportunity to present evidence about the alleged differences in the job duties.

We acknowledge that the Board has broad discretion to create its own remedies. K.S.A. 75-2929d(b); *Kansas Dept. of Transportation v. Humphreys*, 266 Kan. 179, 184, 967 P.2d 759 (1998). Still, the Board's decisions must also be supported by substantial evidence and must not be based unreasonable, arbitrary, or capricious reasoning. See K.S.A. 77-621(c)(7) and (8); *Powell*, 290 Kan. at 569; *In re Protests of Oakhill Land Co.*, 46 Kan. App. 2d 1105, 1115, 269 P.3d 876 (2012). Given the Board's unexplained abandonment of its requirement that Prince be reinstated to a position with "the same or similar duties," and given the Board's decision not to hold an evidentiary hearing to consider the similarity of the duties, we conclude that the Board's decision regarding Prince's reinstatement was not supported by substantial evidence and was arbitrary based on the record as it currently exists.

CONCLUSION

In summary, we affirm the Board's determination that the KDOL unreasonably demoted Prince from his previous position. We also affirm the Board's determination that the KDOL must pay Prince lost wages—including any longevity bonus that he would have been entitled to receive had he remained in service to the State of Kansas—from August 2011 through August 2012. Likewise, we affirm the Board's determination that the KDOL must also make the required contributions to Prince's KPERS retirement

12

account that would have been made had he remained in service to the State of Kansas for the same time period.

However, we reverse the Board's determination regarding the amount to be reimbursed by the KDOL for employment benefits. Additionally, we reverse the Board's determination regarding whether the KDOL's offer of reinstatement complied with the terms of the order entered on March 23, 2018. Furthermore, we remand the issue relating to the reimbursement of Prince's benefits and the issue relating to Prince's reinstatement to the Board for an evidentiary hearing. See *Jones v. Kansas State University*, 279 Kan. 128, 142, 106 P.3d 10 (2005). After the evidentiary hearing is conducted, the Board shall issue findings of fact and conclusions of law in support of its decision.

Affirmed in part, reversed in part, and remanded with directions.