NOT DESIGNATED FOR PUBLICATION

No. 126,163

IN THE COURT OF APPEALS OF THE STATE OF KANSAS

JOHNSON COUNTY COMMUNITY COLLEGE,
*Appellant*,

v.

AARON PRATER,
*Appellee*.


MEMORANDUM OPINION


Appeal from Johnson County District Court; JAMES F. VANO, judge. Submitted without oral argument. Opinion filed November 17, 2023. Appeal dismissed.


*Derek T. Teeter* and *Michael T. Raupp*, of Husch Blackwell LLP, of Kansas City, Missouri, for appellant.


*Vincent M. Cox*, of Cavanaugh, Biggs & Lemon, P.A., of Topeka, for appellee.


Before MALONE, P.J., CLINE and COBLE, JJ.


PER CURIAM: This is an administrative appeal from a decision impacting the employment of culinary instructor Aaron Prater at Johnson County Community College (JCCC). The district court remanded the case to the administrative hearing officer for additional findings and JCCC appealed that order to this court. This court issued a show-cause order directing the parties to show cause why the appeal should not be dismissed as interlocutory. For the reasons stated in this opinion, we find that JCCC's appeal to this court should be dismissed without prejudice.

1

JCCC sent Prater a letter notifying him that JCCC intended to terminate his employment. The letter stated that Prater's "manner of dealing with issues of miscommunication [caused] hostility and discomfort for [his] coworkers." Several examples were provided in the letter. After JCCC provided Prater with notice and its reasons for termination, he timely invoked his right to a hearing under K.S.A. 72-2251, et seq.

The administrative hearing officer believed the question to be determined in the proceedings was whether substantial evidence supported the truth of the statements in the letter. The hearing officer defined "substantial evidence" as evidence that "possesses relevance and substance in such quality that a reasonable person would accept it as adequate to support the conclusion." After reviewing the evidence, the hearing officer found that Prater was "a skilled chef and a good teacher," but that he had "shortcomings in his anger control" and also "failed to engage in constructive conflict resolution." The hearing officer concluded that "[t]he stated reasons for termination [were] not supported by substantial evidence when considered in light of the record as a whole, with the exception of Mr. Prater's demeanor when presenting concerns or complaints." The hearing officer ordered that Prater be conditionally reinstated for a one-year probationary period during which Prater needed to engage in anger management and show improvement in his communications. JCCC appealed to the district court.

The district court vacated the hearing officer's decision and remanded the case to the administrative agency for further proceedings. The district court found that the hearing officer erred in two ways. First, the district court ruled that the law did not permit the hearing officer to change the terms of the contract between JCCC and Prater by establishing the one-year probationary period. Instead, the hearing officer had "only two options:  affirm the termination or order reinstatement." Second, the district court held

that the hearing officer misapplied the standard of review and, by doing so, impermissibly increased JCCC's burden of proof. The hearing officer "defined 'substantial evidence' as requiring [JCCC] to show that a reasonable person 'would accept' such evidence as adequate, whereas the controlling authority . . . indicates the standard is that a reasonable person 'might accept' the evidence as adequate." The district court found it "impossible to discern whether with a correct burden applied [the hearing officer] would have found more grounds sustained and more foundation for a good cause termination." The district court concluded that, since it was "unable to do its own factfinding, it [could] only question the bases for the hearing officer's decision." The district court found that it had to "vacate the ruling and remand the matter to the hearing officer for further consideration under a correct standard of law."

Rather than allowing the case to be returned to the administrative agency, JCCC timely filed a notice of appeal. This court issued a show cause order to the parties asking them to brief whether this court has jurisdiction over the appeal.

ANALYSIS

JCCC claims that this court has jurisdiction over the appeal under K.S.A. 2022 Supp. 60-2102(a)(4), which grants this court jurisdiction over "[a] final decision in any action." JCCC argues that *Kansas Dept. of Transportation v. Humphreys*, 266 Kan. 179, 967 P.2d 759 (1998), governs resolution of the question here. Alternatively, if this court finds *Humphreys* is not controlling, JCCC argues that exceptional circumstances permit consideration of this appeal. Prater contends that this appeal should be dismissed as interlocutory based on this court's decisions in *Holton Transport, Inc. v. Kansas Corporation Comm'n*, 10 Kan. App. 2d 12, 690 P.2d 399 (1984), *Nickels v. Board of Education of U.S.D. No. 453*, 38 Kan. App. 2d 929, 173 P.3d 1176 (2008), and *In re Licensure of Shelly Ann Vandevord Day Care Home*, No. 123,827, 2022 WL 1701598 (Kan. App. 2022) (unpublished opinion).

3

The right to appeal is entirely statutory and is not contained in the United States or Kansas Constitutions. *Wiechman v. Huddleston*, 304 Kan. 80, 86, 370 P.3d 1194 (2016). Kansas appellate courts have jurisdiction to entertain an appeal only if the appeal is taken in the manner prescribed by statutes, with some exceptions. *In re T.S.*, 308 Kan. 306, 309, 419 P.3d 1159 (2018). The appellate court has a duty to question jurisdiction on its own initiative. When the record discloses a lack of jurisdiction, the appellate court must dismiss the appeal. *Baker v. Hayden*, 313 Kan. 667, 673, 490 P.3d 1164 (2021). Whether jurisdiction exists is a question of law, subject to unlimited appellate review. *City of Wichita v. Trotter*, 316 Kan. 310, 312, 514 P.3d 1050 (2022).

*Discussion of applicable caselaw*

JCCC contends that this case is like *Humphreys*, 266 Kan. 179. There, the Kansas Department of Transportation (KDOT) terminated the employment of Roberta Humphreys. Humphreys appealed to the Kansas Civil Service Board (Board). The Board found that the evidence supported KDOT's basis for terminating Humphreys but found that termination was an excessive punishment. The Board modified the punishment to suspension without pay for a specified time and a demotion. KDOT appealed the Board's decision to the district court, arguing that the Board lacked statutory authority to modify its punishment. The district court agreed with KDOT, finding that the Board's jurisdiction was limited to determining whether the termination was reasonable. 266 Kan. at 180. The district court remanded the case to the Board to either affirm or reverse Humphreys' dismissal. Humphreys filed a notice of appeal to the Court of Appeals on April 7, 1997, claiming that the Board had authority to modify the agency's disciplinary decision. 266 Kan. at 181. The appeal was later transferred to the Kansas Supreme Court. Meanwhile, in light of the district court's remand order, the Board reconsidered its prior actions. In a May 1, 1997, final order, the Board determined that KDOT's dismissal of Humphreys was reasonable. 266 Kan. at 181.

4

The only jurisdictional question the Supreme Court addressed was whether the Board's second order affirming Humphreys' dismissal impaired the Supreme Court's jurisdiction to hear Humphreys' appeal. 266 Kan. at 182. The Supreme Court found that the Board did not have jurisdiction to enter its second order after Humphreys had appealed the district court's remand order. 266 Kan. at 182. As for the district court's remand order, the Supreme Court stated, without elaboration, that it had jurisdiction to hear the appeal because "[t]he district court's decision was final." 266 Kan. at 181. Ultimately, the Supreme Court held that the district court erred when it found that the Board lacked authority to modify the agency's action. 266 Kan. at 184.

*Humphreys* can be contrasted with *Holton Transport*, 10 Kan. App. 2d 12. There, Holton Transport, Inc. appealed "from a district court order remanding the matter to the Kansas Corporation Commission for a more specific and concise statement of its findings." 10 Kan. App. 2d at 12. This court framed the question as "whether the court's order of remand for further findings of fact is an appealable order." 10 Kan. App. 2d at 12. The court stated that "absent exceptional circumstances, a district court order remanding a proceeding to [an agency] for further findings is not a final decision appealable as of right under K.S.A. 60-2102(a)(4)." 10 Kan. App. 2d at 13.

*Nickels*, 38 Kan. App. 2d 929, followed *Holton Transport*. When Unified School District 453 notified Leslie Nickels that her teaching contract would not be renewed, she requested a hearing with the Board of Education (Board) under K.S.A. 72-5446. The Board denied Nickels' request for a hearing. Nickels appealed to the district court, and the district court ordered the Board to provide Nickels with a due process hearing. The Board appealed. This court issued a show cause order asking the parties why the appeal should not be dismissed as interlocutory. 38 Kan. App. 2d at 930. Nickels relied on *Holton Transport*, 10 Kan. App. 2d 12, and contended that the matter required further factual findings. The Board argued "that because no findings h[ad] been made and no hearing held in this case, the appeal must be retained." 38 Kan. App. 2d at 931. This court agreed

5

with Nickels, concluding "that because the due process hearing ordered by the district court has not yet been conducted, the Board's appeal to this court is not a final, appealable order." 38 Kan. App. 2d at 932.

In reaching its conclusion, the *Nickels* court found that the most analogous case was *NEA-Topeka v. U.S.D. No. 501*, 260 Kan. 838, 925 P.2d 835 (1996). There, National Education Association-Topeka (NEA-Topeka), a union which represented employees of Unified School District 501 (U.S.D. 501) under a bargaining agreement, instituted a grievance on behalf of several individuals. U.S.D. 501 refused to recognize or process the grievance because it believed the individuals were not members of the bargaining unit covered by the agreement. U.S.D. 501 refused to arbitrate the issue on the same basis. NEA-Topeka filed suit seeking to force U.S.D. 501 to submit to arbitration. The district court found that the agreement provided matters affecting the application or interpretation of the agreement had to be submitted to arbitration. Because determining whether the individuals were members of the bargaining unit involved application or interpretation of the agreement, the district court ordered U.S.D. 501 to submit to arbitration.

U.S.D. 501 appealed and the case was transferred to the Kansas Supreme Court. The Supreme Court sua sponte raised the issue of whether the arbitration order was a final, appealable order. The Supreme Court concluded that the district court's arbitration order was not a final, appealable order. Although the Kansas Uniform Arbitration Act did not apply to the agreement at issue, the court looked to the Act for guidance. The court noted that under the Act, orders compelling arbitration were not appealable. 260 Kan. at 841-42. The court next noted that such a rule adhered to other rules on final, appealable orders. 260 Kan. at 843. For example, an order granting a new trial is not a final, appealable order. Similarly, an order remanding an administrative proceeding to an administrative agency for additional fact-finding was not a final, appealable order. And an order denying a motion for summary judgment is not a final, appealable order unless the district court simultaneously grants an opposing motion for summary judgment. 260

6

Kan. at 843. The court concluded that "[t]he general rule is that to be final, an order must finally decide and dispose of the entire merits of the controversy, reserving no further questions or directions for the future or further action of the court." 260 Kan. at 843.

*In re Licensure of Shelly Ann Vandevord Day Care Home*, 2022 WL 1701598, is another case that followed *Holton Transport*. In that case, the Kansas Department of Health and Environment (KDHE) notified Shelly Ann Vandevord that it intended to suspend her license to operate a daycare based on inspections that had occurred between March 2018 and March 2019. Vandevord requested a hearing before an administrative law judge (ALJ). The KDHE conducted two additional inspections in April 2019. Noting that some of the earlier violations had not been corrected, KDHE moved to modify its intended order from suspension to revocation. The ALJ granted the motion and, following an administrative hearing in January 2020, affirmed the revocation order. The KDHE performed no other inspections after April 2019. Vandevord exhausted her administrative appeals and then appealed to the district court. 2022 WL 1701598, at *1.

The district court conducted a hearing in December 2020. The district court believed the record did not support revoking Vandevord's license at the December 2020 hearing because there had been no agency follow-up after the April 2019 inspections. Thus, the district court remanded the case to the KDHE to do additional fact-finding, specifically, to perform further inspection of Vandevord's day care. The KDHE appealed, and this court ordered the parties to show cause why the appeal should not be dismissed for lack of a final, appealable order. The KDHE argued that exceptional circumstances permitted the appeal based on the collateral order doctrine. This doctrine provides that an appellate court can consider an order to be a final decision under certain circumstances— "the order must (1) conclusively determine the disputed question, (2) resolve an important issue completely separate from the merits of the action, and (3) be effectively unreviewable on appeal from a final judgment." *Skahan v. Powell*, 8 Kan. App. 2d 204, 206, 653 P.2d 1192 (1982). But the *Vandevord* court rejected this argument because the

7

district court "left open the ultimate question of whether Vandevord's license would be revoked." 2022 WL 1701598, at *5. The court also found that any errors made by the district court could be "remedied in a subsequent appeal." 2022 WL 1701598, at *5.

*Applying the law to our facts*

We disagree with JCCC that *Humphreys* is controlling. The *Humphreys* court did not analyze whether the district court's remand order was a final appealable order. Instead, the only jurisdictional question the *Humphreys* court addressed is whether the Board's second order affirming Humphreys' dismissal after she had appealed the district court's decision impaired the Supreme Court's jurisdiction to hear Humphreys' appeal. 266 Kan. at 182. In any event, in *Humphreys*, the Board made its factual findings under the correct legal standard—an important distinction that does not exist here that may have allowed for the district court's remand order to be a final appealable order.

JCCC argues that the cases relied on by Prater are distinguishable because in each of those cases the district court remanded the case to the agency for additional fact-finding, but "[h]ere, the district court remanded for the hearing officer to apply the correct *legal* standard. It did not order a new hearing, more investigation, or more factfinding." But JCCC's argument misses the point. The district court ordered the hearing officer to apply a different legal standard in determining whether substantial competent evidence supports JCCC's decision to terminate Prater. To do this, the hearing officer will need to act in its role as fact-finder which entails weighing the evidence and assessing witness credibility. As the district court stated, it is "impossible to discern whether with a correct burden applied [the hearing officer] would have found more grounds sustained and more foundation for a good cause termination." The district court concluded that since it was "unable to do its own factfinding, it [could] only question the bases for the hearing officer's decision."

8

Put another way, applying the correct standard of review may result in different factual findings by the hearing officer. The standard of review applied by the hearing officer led the hearing officer to conclude that substantial evidence supported only one of JCCC's reasons for terminating Prater, but this reason did not amount to good cause to terminate Prater. If the hearing officer applies a more liberal standard of review as ordered by the district court, the hearing officer may conclude that more of JCCC's reasons for terminating Prater were supported by substantial evidence and that they provided good cause for terminating Prater. To reach its conclusion on these subjects, the hearing officer will need to perform its function as fact-finder to weigh the evidence and assess witness credibility—functions that appellate courts cannot perform.

"The general rule is that to be final, an order must finally decide and dispose of the entire merits of the controversy, reserving no further questions or directions for the future or further action of the court." *NEA-Topeka*, 260 Kan. at 843. Under the circumstances here, the district court's remand order was not "[a] final decision in any action" that is subject to a direct appeal under K.S.A. 2022 Supp. 60-2102(a)(4).

JCCC makes an alternative argument that exceptional circumstances permit review of its appeal. JCCC asserts that it is "entitled to have its termination decision upheld now, on the case as it stands, and irrespective of anything that may happen on remand." JCCC reasons that the hearing officer found substantial evidence supporting one of the grounds JCCC listed for terminating Prater—specifically that Prater "was inappropriate and did not communicate well with staff and with other faculty." JCCC notes that both JCCC policy and Prater's employment agreement provided that JCCC could terminate Prater for failing to engage in constructive conflict resolution. JCCC argues that if this court dismisses the appeal and forces JCCC to continue litigating the case, "the injury of having to endure further proceedings on remand cannot be cured in a subsequent appeal because the injury will have already occurred."

JCCC's argument is unpersuasive. The costs of continued litigation are not an exceptional circumstance. To the contrary, they would exist in any case where this court declines to hear a piecemeal appeal. For example, in *NEA-Topeka v. U.S.D. No. 501*, 260 Kan. 838, the parties needed to submit to arbitration before appealing even though U.S.D. 501 argued that arbitration was inappropriate. Similarly, a party cannot appeal from an order granting a new trial even if that party argues that the order granting the new trial was erroneous. 260 Kan. at 843. The district court's order is also not a collateral order that would support a finding of exceptional circumstances. The question of whether JCCC's termination of Prater should be upheld is at the heart of this action, it is not "completely separate from the merits of the action." *Skahan*, 8 Kan. App. 2d at 206. Additionally, the issue can be reviewed on appeal after a final judgment is entered.

In sum, the district court remanded this case to the hearing officer for further consideration under the correct standard of review. Applying the correct standard of review may result in different factual findings by the hearing officer. For all we know, both parties may be satisfied with the hearing officer's resolution of the case, rendering any other appeals to the district court or to this court unnecessary. Allowing JCCC to bring its appeal to this court in the current posture of the case "is inconsistent with the clearly stated Kansas policy to avoid piecemeal appeals." *Harsch v. Miller*, 288 Kan. 280, 288, 200 P.3d 467 (2009). Though we base our ruling primarily on lack of jurisdiction, we also find that JCCC's appeal to this court is contrary to Kansas policies against piecemeal appeals and against addressing issues that are not ripe for decision. For these reasons, we dismiss JCCC's appeal to this court without prejudice.

Appeal dismissed without prejudice.